STATE, Appellant, v. FELLOWS, et al., Respondents.

(Three Cases.)

(207 N. W. 477.)

(File Nos. 5340, 5341, 5342.   Opinion filed February 24, 1926.)

1.  **Jury—Grand Jury—Lack of Written Notice of Meeting of Offi-cers to Draw Grand Jury Is Ground of Challenge to Panel.**

      In view of Rev. Code 1919, Sec. 5291, the lack of written notice of a meeting of officers to draw a grand jury is ground of challenge, under section 4660, subd. 2.

2.  **Indictment and Information—Grand Jury—Criminal Law—Motion to Quash Indictment for Failure to Give Written Notice to Sheriff of Meeting of Officers to Draw Grand Jury Held Properly Granted.**

      Motion to quash the indictment for failure to give written notice, under Rev. Code 1919, Sec. 5291, to the sheriff of the meeting of the officers to draw grand jury, held properly granted, notwithstanding sheriff had telephonic notice of the meeting, as plain terms of section 4762 cannot be disregarded.

Appeal from Circuit Court, Pennington County; Hon WALTER G. MISER, Judge.

Prosecution by the State against Hubbard F. Fellows in one cause, and against him in two other causes, in which Orville V. Rinehart was also defendant. After arraignment, and before plea, defendants moved to quash the indictments. From an order qaushing the indictments, the State appeals. Affirmed.

*Buell F. Jones,* Attorney General, and *Ray F. Drewry,* Assistant Attorney General, for the State.

*Williams, Sweet & Tscharner,* of Rapid City, for Respondents.

(1)   To point one of the opinion, Appellant cited: White v. Fleming, 114 Ind. 560, 16 N. E. 487; Metcalf v. Mutual Fire Ins. Co., 132 Wis. 67, 112 N. W. 22; State v. Forgraves, 32 S. D. 21, 141 N. W. 990; State v. Scooley, 20 S. D. 18, 104 N. W. 522; State v. Cambron, 20 S. D. 282, 105 N. W. 241; State v. Lamphere, 20 S. D. 98, 104 N. W. 1038; State v. Yordi, 2 Pac. 162; State v. Wenzel, 83 S. E. 68; State v. Morse, 35 S. D. 26.

Respondent cited: Jones v. Woodworth (S. D.), 124 N. W. 844.

GATES, P. J. In these three cases a grand jury of Pennington county returned indictments against defendant on account of

transactions with the Dacotah Packing Company. He had not been held to answer prior to the finding of the indictment. After arraignment and before plea he moved to quash the indictment for that, among other things, notice in writing had not been served on the sheriff of the meeting of the officers to draw the grand jury or any jury. The trial court sustained the motion and quashed the indictments. The State appeals.

Section 4762, Rev. Code 1919, provides that the indictment must be set aside:

"4. When the defendant has not been held to answer before the finding of the indictment, on any ground which would have been good grounds for challenge, either to the panel or to any individual grand juror."

Section 4660, Rev. Code 1919, provides that a challenge to the panel may be interposed for the reason:

"2. That notice of the drawing of the grand jury was not given."

Section 5291, Rev. Code 1919, constitutes the clerk of courts, the county auditor, the county treasurer, and the sheriff as the body to draw jurors, and provides:

"The meeting of such officers shall be after notice in writing has been served the same day upon them, or their deputies, by leaving a copy of such notice in their respective offices in case any such officer or deputy is absent from the county seat. Such notice must be served by the clerk of courts, and must state the object of the meeting to be the drawing of names for jurors for the next term of the circuit court, and the place and time of such meeting."

Written notice of the meeting had not been given to the sheriff, nor in fact to any of the other officers, but all were present, except the sheriff, who did not appear until after the drawing had been completed.

[1] It is urged by the state that lack of written notice of the drawing is not made a ground of challenge. To be sure, the ground of challenge is simply that notice of the drawing was not given, but the statute that requires notice says it must be written notice; therefore, reading the two statutes together, the ground for challenge must necessarily be lack of written notice so long as section 5291 remains in its present form.

[2]   It is also urged that, inasmuch as the drawing need only be in the presence of a majority of the officers designated in section 5291, and since the sheriff had actual notice by telephone, the failure to give written notice was not prejudicial.   That may or may not be true.   But, since section 4762 says that the indictment must be set aside upon defendant's motion under certain conditions, and this being one of those conditions, the trial court was not at liberty, nor are we, to disregard the plain terms of the statute.

The order quashing the indictments is affirmed.

SHERWOOD, J., not sitting.

Note.—Reported in 207 N. W. 477.   See, Headnote (1), American Key-Numbered Digest, Jury, Key-No. 8, 28 C. J. Sec. 68; (2) Indictment and information, Key-No. 137(2), 31 C. J. Sec. 380.