STATE, Respondent, v. JOHNSON. Appellant.

(210 N. W. 350.)

(File No. 5918.   Opinion filed October 11, 1926.)

1. **Grand Jury.**

Under Rev. Code 1919, § 5291, relating to drawing of grand jurors, notice of meeting of board must be served upon officers who in that particular instance constitute drawing board.

2. **Grand Jury.**

If clerk knows that sheriff is disqualified from drawing grand jury, he may disregard sheriff and serve notice in first instance on coroner, in view of Rev. Code 1919, § 5291.

3. **Grand Jury.**

If sheriff is disqualified, failure to notify coroner, his statutory substitute, of drawing of jurors is not excused by notice served upon a sheriff and disregarded by him, in view of Rev. Code 1919, § 5291.

4. **Grand Jury.**

Clerk not knowing of disqualification of sheriff in drawing jurors should serve notice upon sheriff, who should announce his disqualification, after which notice should be served on coroner, under Rev. Code 1919, § 5291.

5. **Indictment and Information—Failure to Serve Notice of Drawing of Grand Jury on Sheriff and Coroner Held Ground for Quashing Indictment (Rev. Code 1919, § 4660, subd. 2, section 4762, subd. 4; and section 5291).**

Rev. Code 1919, § 5291, relating to notice of drawing of grand jury, being mandatory, fact that clerk of courts, knowing

that sheriff was disqualified, served no notice on him, and failed to serve coroner in his stead, jury being drawn by clerk, auditor, and treasurer, was good ground for challenge to panel under section 4660, subd. 2, defendant not having been held to answer before indictment, and therefore being entitled, under section 4762, subd. 4, to raise question by motion to quash.

6. **Indictment and Information.**

Phrase "indictment of a grand jury" in Const. art. 6, § 10, means indictment of duly and legally constituted grand jury, drawn and impaneled according to law, and pursuant to notice required by law.

Note.—See, Headnote (1), (2), (3), and (4), American Key-Numbered Digest, Grand Jury, Key-No. 8, 28 C. J. Sec. 32; (5) Indictment and information, Key-No. 137(2), 31 C. J. Sec. 380 (Anno), Grand Jury, 28 C. J. Secs. 32, 68; (6) Indictment and information, Key-No. 10, 31 C. J. Sec. 25.

Appeal from Circuit Court, Turner County; Hon. L. L. FLEEGER, Judge.

Frank H. Johnson was convicted of misapplication of bank funds, and he appeals. Reversed and remanded, with directions.

*Buell F. Jones,* Attorney General, and *Bernard A. Brown* and *H. A. Linstrom,* Assistant Attorneys General, for the State.

*A. K. Gardner,* of Huron, and *Bielski, Elliott & Marker,* of Sioux Falls, for Appellant.

CAMPBELL, J. Defendant was indicted for misapplication of bank funds in violation of the provisions of section 8991, Code 1919; not having been held to answer before the finding of the indictment, defendant, upon his arraignment and before plea, moved to quash and set aside the indictment upon the following grounds, among others:

"That the grand jury purporting to find said indictment was not regularly constituted, in that the drawing thereof was not had and the notice of the drawing was not given as provided by law.

"That the grand jury purporting to find said indictment was not a regularly constituted grand jury, in that the drawing of said jury was not had in the presence of the officers designated by law or in the manner prescribed by law."

The court, after hearing evidence on the motion to quash denied the same, and defendant, subsequently pleading not guilty, was tried, convicted, and sentenced.

From the judgment of conviction, and from an order denying his motion for new trial, defendant now appeals and assigns error, inter alia, upon the denial of his motion to quash the indictment.

Section 5291, Code 1919, provides as follows:

"*Drawing of Jurors—Meeting of Board.* Within two days from the receipt of the order of the judge of the circuit court directing a jury to be summoned, the clerk of courts, or his deputy in case such clerk does not act, and the county auditor, county treasurer and sheriff, or a majority of them, shall meet at the county seat. In case the sheriff shall be disqualified by reason of being a party to any suit pending in the circuit court, or suspension from office, the coroner shall serve in place of the sheriff. The meeting of such officers shall be after notice in writing has been served the same day upon them, or their deputies, by leaving a copy of such notice in their respective offices in case any such officer or deputy is absent from the county seat. Such notice must be served by the clerk of courts, and must state the object of the meeting to be the drawing of names for jurors for the next term of the circuit court, and the place and time of such meeting."

In the instant case, at the time of drawing the jury, the sheriff was disqualified by reason of being a party to a suit pending for trial at the approaching term, and some effort was made to serve notice of the meeting for drawing the jurors upon the coroner. The coroner, however, was out of town, and no notice was in fact given to or served upon him, and the jurors for the term, including the grand jurors, were drawn by the clerk of courts, the county auditor, and the county treasurer. By virtue of the provisions of subdivision 4, § 4762 Code 1919, the appellant, not having been held to answer before the finding of the indictment was entitled to raise by his motion to quash any matter which would have been good ground for challenge to the panel. One of the grounds for challenge to the panel, as provided by subdivision 2, § 4660, Code 1919, is:

"That notice of the drawing of the grand jury was not given."

We have recently had occasion to consider these statutes in a very similar case, and have held that the statutes are mandatory, and that under the provisions of sections 4762 and 5291, Code 1919, when the sheriff, who was not disqualified to act in drawing the jurors, did not receive written notice of the meeting for that purpose, as provided by section 5291, and did not attend such meeting, a challenge to the panel was good, and a defendant, not having been held to answer before indictment raising the matter by a motion to quash, was absolutely entitled to have the indictment set aside. State v. Fellows, 49 S. D. 481, 207 N. W. 477.

We still adhere to the views expressed in the Fellows Case, and the Attorney General does not question the soundness of that decision, and, in fact, very frankly conceded upon the oral argument herein that the state could not expect to prevail in the instant case, unless this case could be distinguished from the Fellows Case.

[1] The state seeks to make such distinction by the following argument. In the Fellows Case the sheriff was not disqualified. He was not served with notice, as required by section 5291, Code 1919, and did not attend at the drawing of the jurors, and the challenge to the panel was good. In the instant case neither the sheriff nor the coroner attended at the drawing of the jurors, and the clerk of courts testified that the sheriff was disqualified by reason of being a party to a pending action, and that he made an effort to serve notice upon the coroner, which effort was unsuccessful. The Attorney General then argues that under the provisions of section 5291 notice is never required to be served upon the coroner in the first instance, and that in the portion of that section reading as follows: "The meeting of such officers shall be after notice in writing has been served the same day upon them," the words "such officers" and "them" refer always and exclusively to the auditor, treasurer, and sheriff, and never to the coroner, even though the sheriff is disqualified; that, regardless of disqualification of the sheriff, he should nevertheless receive the notice, and should then come in and announce his disqualification; and that there can be no duty of serving notice upon the coroner until the sheriff has first been notified and an-

nounced his disqualification.  In support of that view the Attorney General cites the following language of Corson, J., in Jones v. Woodwarth, 24 S. D. 583, 124 N. W. 844, Ann. Cas. 1912A, 1134:

"In our opinion these provisions in regard to the drawing of the jury are mandatory, and it must be presumed, we think, that the sheriff knew that, as a party to the action to be tried at that term, he was disqualified from participating in any manner in the drawing or summoning of the jury.  In such case it was the duty of the sheriff to notify the other members of the board designated to draw the jury that he was disqualified and that the coroner should be called in to act in his place."

Advancing that view of the law, the Attorney General argues that, since the clerk of courts in his testimony upon the motion to quash did not state in express words that he served no notice upon the sheriff, it will be presumed that written notice was served upon the sheriff in compliance with section 5291, and therefore sufficient notice of the drawing was given regardless of the fact that the sheriff was disqualified, regardless of the fact that no notice was given to the coroner, and regardless of the fact that neither the sheriff nor the coroner attended the drawing

. [2-4] We fear this argument on behalf of the state is entirely specious.  In the case of Jones v. Woodwarth (supra) notice was given to the sheriff, and he attended and participated in the drawing, though in fact disquailfied.  It does not appear that the clerk in that case, in fact, had knowledge of the sheriff's disqualification and a reading of the case demonstrates very clearly that the language above quoted was not in any wise intended by the learned writer of the opinion to apply to a situation such as the one at bar.  We are of the opinion that the requirement of section 5291 that notice be served upon "such officers" means that notice should be served, in the statutory manner, upon the officers who are in fact in the particular instance to constitute the drawing board.  If the clerk at the time for serving the notices has actual knowledge that the sheriff is disqualified, it is entirely proper for him to disregard the sheriff and serve the notice in the first instance upon his statutory substitute, the coroner, and, if the sheriff is, in fact, disqualified, failure to notify the coroner could not be in any wise excused by a notice served upon the sheriff and entirely disregarded by him.  The persons who are required to be

served with the notice in any given instance are those qualified to act in the particular drawing. If the clerk knows the sheriff is disqualified, he should serve the notice upon the coroner. If the clerk does not know of the disqualification of the sheriff, or is in doubt upon that point, he should serve the notice upon the sheriff, who should thereupon come in and announce his disqualification, and notice should then be served upon the coroner to act in his stead, as indicated by the language above quoted from Jones v. Woodwarth, supra.

[5] Furthermore, in the case at bar, while it is true that the clerk was not directly asked whether or not he served notice on the sheriff, and did not in express words state that notice was not served upon the sheriff, nevertheless, a careful reading of the entire testimony given by the clerk on the motion to quash utterly fails to lend the slightest shadow of support to any inference that the sheriff was served. A reading of this testimony demonstrates beyond any possible doubt that the sheriff was disqualified to act in the drawing of these jurors, that the clerk knew of such disqualification, and by reason of such knowledge entirely disregarded the sheriff in the matter, and made no effort whatever to serve any notice upon the sheriff in any manner, but did make some effort to notify the coroner, which effort was insufficient to comply with the statute as to the method of notice, and that neither the sheriff nor the coroner had actual notice of the time and place of the drawing, and that neither were served with notice thereof in the manner required by the statute; and that neither attended thereat. We believe there is no distinction which can be maintained between the instant case and State v. Fellows, supra. We are therefore persuaded that the principle of the Fellows case must control in the instant case, and that the learned trial judge erred in denying the motion to quash the indictment.

[6] The Attorney General argues that, even admitting such ruling to constitute error, it amounted only to error without prejudice, and should not work a reversal. In our opinion, as pointed out in the Fellows case, the statute is mandatory, and we are not at liberty to disregard its plain terms. Further, section 10, art. 6, of the Constitution of this state, provides as follows:

"No person shall be held for a criminal offense unless on the presentment or indictment of a grand jury, or information of the

pubic prosecutor, except in cases of impeachment, in cases cognizable by county courts, by justices of the peace, and in cases arising in the army and navy, or in the militia when in actual service in time of war or public danger: Provided, that the grand jury may be modified or abolished by law."

In the instant case there is no claim that defendant was held on information of the public prosecutor, and the phrase of the Constitution, "indictment of a grand jury," must certainly be construed to mean a duly and legally constituted grand jury, drawn and impaneled according to law, and pursuant to the notice required by law. To hold this error without prejudice would be to deprive appellant of a right which is not only substantial but constitutional. This is beyond our power to do, and it follows that the judgment and order appealed from must be, and they are, reversed, and the cause remanded, with directions to enter an order quashing and setting aside the indictment.

DILLON, J., absent.