STATE, Respondent, v. SMITH, Appellant.

(232 N. W. 26.)

(File No. 6840. Opinion filed September 2, 1930.)

See, also, 56 S. D. 238, 228 N. W. 240.

*J. W. Jackson* of Kennebec, for Appellant.

*M. Q. Sharpe,* Attorney General, and *R. F. Drewry,* Assistant Attorney General, for the State.

MISER, C. Appellant seeks to set aside his conviction on the ground that the trial court erroneously disallowed his challenge to the panel from which the jury was selected which found him guilty of grand larceny. The written challenge interposed at the trial and before any juror was sworn was as follows:

"Comes now the defendant, H. Smith, and challenges the panel upon the ground and for the reason that in the selection of the jury there was a material departure from the forms prescribed by the laws of the State of South Dakota, all of which was prejudicial to the substantial rights of the defendant, to-wit:

"First, in that the County Commissioners in selecting the jury list chose the same from the qualified list from the county at large without first apportioning to each of the organized townships and to each of the incorporated cities and towns and to the unorganized portion of Lyman County, South Dakota, the pro rata share of the names to be so drawn as provided by section 5287 of the South Dakota Revised Code of 1919.

"Second, in that the deputy of the Sheriff of Lyman County, South Dakota, at the time the trial jury was drawn for the November, 1927, term of the Circuit Court in and for the said County of Lyman, the same being the present term of the said Circuit Court assisted in drawing the trial jury for the said term of the circuit court and at the said term of the Circuit Court the said Sheriff of Lyman County, South Dakota, was disqualified by reason of being a party to a suit pending and noted for trial at this term

of the said Circuit Court being case numbered 7137, or jury case number 19 on the trial calendar."

After challenging the panel, the defendant presented testimony in support of the first ground of challenge. As to the second ground of challenge, the state's attorney conceded "that the deputy sheriff of Lyman County assisted and was present at the drawing of the trial jury for the November, 1927 term of the Circuit Court," and also conceded that there was on the calendar for that term a civil action against the sheriff, which action grew out of his official duties as sheriff while acting under a search warrant. The challenge was disallowed and the jury was impaneled.

So far as material herein, section 4841, Rev. Code 1919, is as follows: "A challenge to the panel can be founded only on a material departure from the forms prescribed by law, in respect to the drawing and return of the jury. * * *"

This was section 321, Rev. Code Crim. Proc., and is quoted and referred to by this court in State v. Morse, 35 S. D. 18, 26, 150 N. W. 293, 296 Ann. Cas. 1918C, 570, 573, as follows: "In so far as certain names were discarded, the objection, if it states facts, may be considered as an objection to the whole panel, but it is only a material departure from the forms prescribed by law in respect to the drawing of the jury (section 321, supra) that would be a ground of challenge under this objection. In New York we find that section 362, C. Cr. Proc., is virtually the same as our section 321, supra, except that the words 'to the prejudice of defendant' appear after the word 'departure.' By section 1, c. 280, Laws 1913, these words are as effectually written into our section 321, supra, as if literally incorporated therein. In a long line of decisions in New York, it is held that prejudice to the defendant must be shown in connection with the challenge. * * * For failure to show prejudice, this part of the challenge must be held insufficient."

Section 1, c. 280, Laws 1913, referred to above, now appears as section 4936, Rev. Code 1919, which, so far as material, is as follows: "On the trial of an indictment or information exceptions may be taken by the defendant to the decision of the court upon a matter of law by which his substantial rights are prejudiced, and not otherwise, in any of the following cases: 1. In allowing

or disallowing a challenge to the panel of the jury, or to an individual juror. 2. * * * 3. * * *."

Under the authority of State v. Morse, supra, it is necessary to determine whether prejudice to appellant has been shown. So far as the first ground of challenge is concerned, assuming that a sufficient challenge can be based upon irregularities in the preparation of the general list by the county commissioners (see, however, section 5290, Rev. Code 1919), the evidence adduced in support thereof showed no prejudice whatever. The proof does not show that the 200 names on the general list were not apportioned as fairly "among the several townships, cities and towns" in Lyman county as though the commissioners had painstakingly complied with the provisions of section 5287, Rev. Code 1919, instead of being apparently blissfully unaware thereof as might appear from the testimony. The proof in support of the first ground of challenge fails utterly to show prejudice to the appellant.

■ Appellant also fails to show prejudice from the disallowance of his second ground of challenge. Section 4842, Rev. Code 1919, requires the challenge to the panel to be taken before a juror is sworn, and that it be "in writing, specifying plainly and distinctly the facts constituting the ground of challenge." A challenge to the panel is not made in the heat and hurry of a trial but before a juror is sworn. It is in writing. There is no reason why it should not state "plainly and distinctly" for the information of the trial judge who must rule thereon "the facts constituting the ground of challenge." Section 5291, Rev. Code 1919, provides that: "In case the sheriff shall be disqualified by reason of being a party to any suit pending in the circuit court * * * the coroner shall serve in place of the sheriff." Here the challenge does not state whether or not the coroner was present at the drawing of jurors, whether or not the disqualified sheriff was present, nor what the deputy sheriff did. Did the county auditor or county treasurer draw out of the box the tickets on which the clerk of courts had written the names? What did the deputy sheriff do? It is conceded that he "assisted and was present at the drawing of the trial jury." Section 5292 prescribes the manner of drawing the jury panel. Did the deputy sheriff do more than compare with the auditor and treasurer the names which the clerk of courts wrote on the tickets, or did he even do that? The challenge does not specify.

But, assuming that it was intended by the written challenge to state that neither the coroner nor the disqualified sheriff were present at the drawing, and that the disqualified sheriff acted through his deputy, the record is silent as to anything which the deputy sheriff did whereby appellant was prejudiced. The deputy sheriff may have been one of three who compared the names on the tickets with the names on the jury list, or he may not have done even that. In Thompson on Trials (2d Ed.) § 113, p. 126, it is said: "Irregularities in selecting the general jury list, in drawing the panel and in summoning those whose names have been drawn, as already seen, are properly objected to by a challenge to the array. * * * As already seen [sections 33 and 34], in many jurisdictions the statutes governing these steps in the selection of a jury are regarded as directory merely. In these and in other jurisdictions, the analogous doctrine exists that informalities of this kind will not be permitted to vitiate a verdict, although they did not sooner come to the knowledge of the complaining party, unless positive injury is shown to have accrued therefrom. * * *" Section 113.

Section 34 above referred to is in part as follows: "in like manner, statutory provisions respecting the drawing of the panel are generally regarded as directory merely, so that irregularities therein, unless plainly operating to the prejudice of the challenging party, form no ground for challenging the array."

Among the authorities cited by the author in support of that part of section 34 above quoted is Wilhelm v. People, 72 Ill. 468, which was cited by this court as an authority for its holding in State v. Morse, supra. In that case the Illinois court said: "It is not shown that any positive injury was sustained by the plaintiff in error in consequence of the refusal of the court to quash the panel, and we have heretofore held, under the law pursuant to which this jury was selected, that a mere irregularity in drawing the jury, where no positive injury is shown to have been done the accused, is not sufficient cause to sustain a challenge to the array. Mapes v. People, 69 Ill. 523."

The many cases reviewed in People v. Damron, 160 App. Div. 424, 145 N. Y. S. 239, cited by this court in State v. Morse, supra, abundantly support the text above quoted.

Appellant relies upon Jones v. Woodworth, 24 S. D. 583, 124

N. W. 844, Ann. Cas. 1912A, 1134, but, as pointed out in State v. Weaver, 38 S. D. 44, 159 N. W. 884, the Jones Case was decided in 1910. This was three years before the amendment which this court, in the Morse Case, said rendered it necessary for the challenging party to prove prejudice.

But it is suggested that, in the more recent cases of State v. Fellows, et al., 49 S. D. 481, 207 N. W. 477, 478, and State v. Johnson, 50 S. D. 388, 210 N. W. 350, this court held that it was unnecessary to show prejudice. In each of these cases defendants were indicted by grand juries without having theretofore been held to answer. Section 4762 is as follows:

"The indictment or information *must* be set aside by the court in which the defendant is arraigned, and upon his motion, in any of the following cases: * * *

"4. When the defendant has not been held to answer before the finding of the indictment, on any ground which would have been good grounds for challenge, either to the panel or to any individual grand juror."

In State v. Fellows, supra, this court said: "Since said section 4762 says that the indictment must be set aside upon defendant's motion under certain conditions, and this being one of those conditions, the trial court was not at liberty, nor are we, to disregard the plain terms of the statute."

Although the Morse Case is not mentioned in the opinion in the Fellows Case, it was cited in the brief of the Attorney General therein. In the brief of opposing counsel there was cited, among others, the decision in State v. Stevens, 1 S. D. 480, 47 N. W. 546, 547, wherein this court said of the language of section 7283, Comp. Laws, now section 4762: "Nothing can be more emphatic. The statute is a command, coupled with a penalty."

Although the decision of this case does not require a distinguishing between the Morse Case and the Fellows Case, some distinctions are apparent. The former case involved a challenge to a petit jury panel, the latter to a grand jury panel. In the former, defendant had been held to answer and an information filed by the state's attorney; in the latter, defendants had not been held to answer before indictment returned by a grand jury. In the former case, defendant had full opportunity to question the bias, if any,

of the magistrate who held him to answer; in the latter case defendants had been given no opportunity to challenge for bias the individual grand jurors who returned the indictment against them. While both cases involved an allegation of noncompliance with the provisions of section 5291, the error assigned in the former involved the application of sections 4841 and 4936, Rev. Code 1919, while the error assigned in the latter involved the application of sections 4660 and 4762.

Chapter 280, Laws 1913, which, in the Morse Case, this court held so amended the law as to make a showing of prejudice necessary to a successful challenge of the panel of a petit jury, repealed chapter 5 of title 8 of the Code of Criminal Procedure of the 1903 Code. Said title 8 related to proceedings "after the commencement of the trial and Before Judgment." That title covered challenges of the trial jury. Challenges to the grand jury were not covered by title 8 but by title 5, and the quashing of indictments was covered by title 7, and were classified with the arraignment as "Proceedings before the commencement of the trial." Chapter 280, Laws 1913, only purported to amend and repeal chapter 5 of title 8 and to make the rules relating to exceptions on the trial of civil cases apply also to exceptions on the trial of criminal cases. These rules of chapter 178, Laws of 1913, provided that: "No exception shall be regarded either upon a motion for new trial or upon appeal to the supreme court unless it clearly appears that the error complained of relates to a material point and that the *effect thereof was prejudicial* to the party excepting." Section 1.

This was pointed out in the Morse Case and in the Weaver Case, and no reason appears why this court should now recede from the position taken in the Morse Case requiring prejudice to be shown to entitle the challenging party to have his challenge allowed in cases like the case at bar.

If it should appear just that one against whom an indictment has been returned by a grand jury, the members of which he had no opportunity to examine and challenge for bias, as is his right under section 4662, may not successfully challenge the panel thereof without showing prejudice, it lies within the power of the Legislature to so amend the statutes relating thereto. However, no such amendment has been made by the Legislature which has held two sessions since the decisions were handed down in the Fellows

Case and in the Johnson Case wherein this court said (50 S. D. 391, 210 N. W. 350, 351): "We still adhere to the views expressed in the Fellows Case."

■ Here defendant was tried for grand larceny and convicted. The only errors he assigns relate to the disallowance of his challenges to the panel. He has shown no prejudice thereby. It is true that the statutes relating to the drawing of jurors should be followed. But, as pointed out in Thompson on Trials (2d Ed.) §§ 13 and 15, penalties have been imposed in other states upon officers for nonperformance of their duty in observing these statutes, and, if our statutes do not so provide, the defect may easily be remedied by the Legislature.

The judgment and order appealed from are affirmed.

SHERWOOD, CAMPBELL, and BURCH, JJ., concur.

BROWN, P. J., concurs in result.

POLLEY, J., dissents.