STATE, Respondent v. ANDERBERG, Appellant

(232 N.W.2d 254)

(File No. 11447. Opinion filed August 22, 1975)

William J. Janklow, Atty. Gen., Max A. Gors, Asst. Atty. Gen., Pierre, Gene Paul Kean, State's Atty., Sioux Falls, for plaintiff and respondent.

Sidney B. Strange, Sioux Falls, for defendant and appellant.

FOSHEIM, Circuit Judge.

On August 7, 1973, Defendant Craig Anderberg was indicted by a Minnehaha County Grand Jury on two counts of distributing a controlled substance. He was subsequently convicted of both charges. He appeals from the judgment and sentence.

At his arraignment, appellant moved to set aside the indictment contending the grand jury lacked authority to inquire into the offenses charged since he had not been held to answer prior to the indictment, had no knowledge his conduct was being investigated, and, therefore, was denied the right to investigate and challenge the competency of the grand jury panel or

individual grand jurors. He claims the trial court erred in denying this motion.

■ A person, held to answer a charge for a public offense, may challenge a grand jury panel or an individual grand juror during the selection process. ·SDCL 23-29-2. When a defendant has not been held to answer before the finding of the indictment, a motion to set aside the indictment may assert any ground which would have been good grounds for challenge either to the panel or to any individual juror. SDCL 23-36-1(4).

■ The statutory grounds for challenging a grand jury panel are found in SDCL 23-29-3 and individual jurors in SDCL 23-29-4. It is the established law of this state that if the challenge shows defects in the formation of the grand jury, specifically made grounds for challenge; the defendant has an absolute right to have the indictment quashed regardless of actual prejudice. *State v. Johnson*, 50 S.D. 388, 210 N.W. 350; *State v. Fellows*, 49 S.D. 481, 207 N.W. 477. Appellant does not come within the ambit of this rule since he did not urge any specific statutory objection. In fact, he does not contend the grand jury was biased, but rather that he was denied due process because our grand jury procedure deprived him of the opportunity to investigate possible defects in the composition of the grand jury and to examine jurors as to potential bias.

In *State v. Pickus*, 63 S.D. 209, 257 N.W. 284, we limited the grounds to set aside the indictment to those specified by statute save for two possible exceptions:

(1) Where defendant can establish clearly and affirmatively that some other failure to comply with the statutory procedure with reference to the formation of the grand jury was actually prejudicial to him, and

(2) Where the noncompliance with the statutory requirements for the formation of a grand jury was of such nature or was so extensive that it must be said it was in effect not a grand jury at all, but merely a body of persons assuming to act as a grand jury without semblance of legal authority.

Ever since *Hurtado v. People of California,* 1884, 110 U.S. 516, 4 S.Ct. 111, 28 L.Ed. 232, the United States Supreme Court has consistently held that there is no federal constitutional impediment to dispensing entirely with the grand jury in state prosecutions. *Beck v. Washington,* 369 U.S. 541, 82 S.Ct. 955, 8 L.Ed.2d 98. Neither has the Supreme Court ever held that federal concepts of a grand jury binding on the Federal Court, are obligatory for the States. *Alexander v. Louisiana,* 405 U.S. 625, 92 S.Ct. 1221, 31 L.Ed.2d 536. In Beck the court stated, without deciding, that the due process clause of the Fourteenth Amendment may require a state, having once resorted to a grand jury procedure, to furnish an unbiased grand jury.[1] However, the court goes on to quote from its earlier decision in *United States v. Handy,* 1956, 351 U.S. 454, 76 S.Ct. 965, 100 L.Ed. 1331:

> "While this Court stands ready to correct violations of constitutional rights, it also holds that 'it is not asking too much that the burden of showing essential unfairness be sustained by him who claims such injustice and seeks to have the result set aside, and that it be sustained not as a matter of speculation but as a demonstrable reality.' "

In *Alexander v. Louisiana, supra,* the court indicated a *"prima facie* case" of unfairness must be demonstrated.

It is the duty of the grand jury to inquire into *all* public offenses committed or triable in the county, and to present them to the court, either by presentment, indictment or accusation in writing. SDCL 23-29-1 and 29-30-1. Ostensibly at least, the scope and results of the inquiry, are shrouded with uncertainty at the formation stage. *State v. Carroll,* 81 Wash.2d 95, 500 P.2d 115.

To comply with appellant's objection all persons upon whom this uncertain inquiry might ultimately focus must be invited to test the validity of the array and the impartiality of prospective jurors or in the alternative the grand jury must be restricted to finding only as to persons who participated in the selection

---

1. See also *Carter v. Greene County,* 396 U.S. 320, 90 S.Ct. 518, 24 L.Ed.2d 549.

process. This would tend to defeat the accusatory function of the grand jury.[2]

■ Assuming due process requires an unbiased grand jury and also assuming, without deciding, that *State v. Pickus, supra,* makes some failure (other than the specific grounds for challenge) in the composition of the grand jury cause to set aside the indictment, still we do not reach these questions here since they both presume an affirmative showing of actual bias or prejudice.

■ Appellant next urges error in admitting the State's Exhibits 1 and 2 because he claims there was a break in the chain of evidence. Exhibit 1 was two plastic bags of marijuana. A witness testified he purchased and received from appellant one bag containing a green substance. He could not identify the exhibit as the substance he purchased. The smaller bag contained a mark which he could not explain. The undercover agent turned the bag over to Officer Clauson who gave it to Officer Hansen. It was taken to the police station by Officer Hansen, placed in a larger bag, tagged and locked in the property locker. The next day it was mailed to the State Chemical Laboratory by registered mail. Officer Clauson also received Exhibit 2 from the undercover agent and took it to the police station. It too was placed in a plastic bag, tagged, locked in a property drawer, and the next day mailed to the State Chemical Laboratory by registered mail. The assistant to the state chemist received both exhibits by registered mail. Both were sealed. He examined the exhibits and presented them as evidence to the grand jury. Otherwise he kept them locked in a steel cabinet inside a vault, to which only he had a key. Both exhibits remained in the possession of the chemist until he handed them to the state's attorney at the trial. Two portions were removed from the bag containing Exhibit 1 for different tests. About half of Exhibit 2 was consumed in conducting tests. The chemist tried to keep the samples in their original form, but refolded the tinfoil that contained Exhibit 2. Officer Clauson testified the mark on Exhibit 1 appeared to be identification numbers used by the State Chemical Laboratory

---

2. However, a grand jury procedure which allows challenges to persons held to answer, but denies any means of challenge to others, likely violates equal protection requirements. *Crowley v. United States,* 194 U.S. 461, 24 S.Ct. 731, 48 L.Ed. 1075.

and the assistant chemist testified he assigned lab numbers to the exhibits.

In *State v. Christmas*, 83 S.D. 506, 162 N.W.2d 125, we said:

> "Physical articles which are rationally probative as to issues which are in controversy are admissible in evidence if properly identified and shown to be in substantially the same condition as at the time when the crime was committed. A *prima facie* showing that such is the case is sufficient. 22A C.J.S. Criminal Law § 709; 32 C.J.S. Evidence § 607; 29 Am.Jur.2d, Evidence, § 774. If it is reasonably probable that the object has not been tampered with it is admissible in evidence. *State v. Garrington*, 11 S.D. 178, 76 N.W. 326; *Breeding v. State*, 220 Md. 193, 151 A.2d 743; *State v. Parker*, 261 Iowa 88, 151 N.W.2d 505. The determination of this question is for the trial judge in the process of which he exercises a judicial discretion. *State v. Husman*, 66 S.D. 530, 287.N.W. 30. He rules on its competency, but it is still for the jury to decide its credibility.

The trial judge must be satisfied in reasonable probability that the article has not been changed in important respects. Permissible changes are such as are not likely to mislead the jury. McCormick on Evidence, page 384. In arriving at his conclusions he must consider the nature of the article, the circumstances surrounding its preservation and custody and the likelihood of intermeddlers tampering with it. *United States v. S. B. Penick & Co.*, 2 Cir., 136 F.2d 413; *Gallego v. United States*, 9 Cir., 276 F.2d 914; *Nixon v. State*, 204 Md. 475, 105 A.2d 243. He may also give weight to the presumption that an article continues in the same condition. 2 Wigmore, Evidence, 3d Ed., § 437(1)."

We think the evidence supports the finding of the trial court that a reasonable and *prima facie* showing of continuity was established. *State of South Dakota v. Michael Lee Watson, et al.*, 1975, 89 S.D. 184, 231 N.W.2d 839.

The other assignments of error were not argued by appellant and we do not find them substantial.

Affirmed.

All the Justices concur.

FOSHEIM, Circuit Judge, sitting for DUNN, Chief Justice, disqualified.