## 58597. DOWDY v. THE STATE.

MCMURRAY, Presiding Judge.

Defendant, along with two others, was indicted, tried and convicted of the offense of armed robbery. The defendant appeals his judgment and sentence to serve a term of 20 years, the first 8 years in the penitentiary or such other place as the Commissioner of Offender Rehabilitation may direct, and if released earlier than the 8 years, to serve the entire remainder of said sentence on probation. *Held* :

1. Counsel for the defendant made a number of motions prior to trial, including a written motion to continue and a written motion to sever. There is nothing

in the record or transcript which indicates that the trial judge ever made any ruling on the motions to continue and to sever. Defendant contends that we must assume that the trial court overruled the motions inasmuch as the motion to continue was made the day before trial, and the trial began the following day. Likewise, he contends it can be assumed that the motion to sever was overruled since the defendant and another were tried together. Error must be shown from the record or transcript of the proceedings. The burden is on him who asserts error to show it affirmatively by the record. See *Roach v. State,* 221 Ga. 783, 786 (147 SE2d 299); *J. W. J. v. State of Ga.,* 140 Ga. App. 366 (231 SE2d 131); *Moore v. Trust Co. Bank,* 142 Ga. App. 877 (1) (237 SE2d 471). Under the circumstances here we cannot assume that these motions were ever called to the attention of the trial court or that he was called upon to make a ruling thereon. Defendant may simply have waived any ruling thereon. Since we can assume that these motions were never ruled upon there is no merit in Enumerations 1 and 2 with reference to the motion to continue and motion to sever. *Bell v. Brewton,* 139 Ga. App. 463, 465 (5) (228 SE2d 600).

2. The remaining enumeration of error contends that the court erred in allowing a police officer from the State of Kentucky to testify as to matters of hearsay over objection. On direct examination this officer testified that when an automobile in which these defendants were riding was stopped on lookout (A. P. B. — all points bulletin) a quantity of drugs was recovered. He then proceeded to testify as to these drugs which were confiscated. However, on cross examination the witness testified that he did not see other officers confiscate the tablets, was told they were removed from the trunk "prior to my getting there" and only knew that they were found in the trunk and "confiscated out of that car" because he was "told that they were." Whereupon counsel for the defendant moved that the testimony that they were confiscated from the automobile be stricken and that the jury be instructed to disregard this testimony based on hearsay. Whereupon the court stated: "Well, I'll allow it to stand as being confiscated. Now, as to anything anyone might have told him about where they came from the jury

will be instructed to disregard any hearsay testimony as to where they might have come from, but he will be allowed to testify as to what was confiscated . . ." It is noted here that the court excluded the hearsay but did allow this officer to testify as to what was confiscated. Under Code § 38-302, which is extremely broad, an officer may testify in a legal investigation as to "information, conversations, letters and replies, and similar evidence [which] are facts to explain conduct and ascertain motives. . . [and this type of evidence] shall be admitted in evidence, not as hearsay, but as original evidence."

The defendant cites *Peebles v. State*, 236 Ga. 93, 95 (222 SE2d 376) and *Kerby v. State*, 36 Ga. App. 772 (3) (138 SE2d 448) to the effect that the testimony given was improper as hearsay and prejudicial; hence the trial court erred in holding that this improper admission of hearsay testimony should be allowed in evidence, and that this testimony was prejudicial to the defendant. However, the only testimony allowed in evidence was that when these defendants were arrested in the State of Kentucky certain tablets were confiscated. Accordingly, it was no error, and the trial court did not err in allowing only this portion of the officer's testimony in evidence. Moreover, the co-defendant (Smothers) later admitted on cross-examination that the tablets found by the Kentucky police officers had been put in the automobile by the defendants and "[w]e had them."

*Judgment affirmed. Banke and Underwood, JJ., concur.*

Submitted October 15, 1979 — Decided October 31, 1979.

*Thomas C. Sanders*, for appellant.

*W. A. Foster, III, District Attorney, Barbara V. Tinsley, Assistant District Attorney*, for appellee.