**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Laverne KOENIG, Defendant and Appellant.**

**No. 13856.**

Supreme Court of South Dakota.

Argued Jan. 17, 1983.

Decided April 27, 1983.

Douglas E. Kludt, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on the brief.

Gregory Protsch of Mumford, Protsch & Pardy, Howard, for defendant and appellant.

KEAN, Circuit Judge.

This is an appeal from a jury verdict which found LaVerne Koenig (appellant) guilty of grand theft. The appellant was sentenced to a term of six years imprisonment. We affirm.

Danny Baum (Baum) owned Larson Manufacturing Company of Huron, South Dakota. In late January, 1981, two of Baum's employees informed him that the appellant, who was then working for Baum, was stealing property from his company.

On the morning of January 30, 1981, Baum called Sheriff Mel Scheibe of Beadle County and related what had been learned from the employees. The sheriff declined to offer his personal assistance at this time, but told Baum to drive to appellant's residence, look around, and, if he found anything, to call him back. Baum immediately drove to appellant's farm which was located in Sanborn County. After he arrived he searched two outbuildings and observed many items of property taken from his company. One of these items observed was a measuring tape with the inscription "D. Baum." Baum went to appellant's residence to call the sheriff, but appellant's wife refused his request. Baum then went to a neighboring farm, made his telephone call, and reported his observations to a deputy sheriff of Beadle County.

In the early afternoon of the same day, Baum went back to appellant's farm with several law enforcement officials including Deputy Sheriff James Sheridan (Sheridan) of Beadle County. Appellant's wife declined their request to search the outbuildings stating that permission would have to come from appellant. Shortly, appellant arrived and, after some conversation with the law enforcement officials, gave permission to search these buildings.

Baum accompanied the law enforcement officials during their search. He pointed out the items which he had observed earlier and identified them as his. When the officials asked appellant to open a locked room in one of the buildings, he refused and told everyone present that his consent to their search had ended. The officials and Baum stopped the search at once.

After leaving the farm, Deputy Sheridan contacted a magistrate in Sanborn County and presented an application for a search warrant of appellant's farm. A search warrant was duly issued. Later in the afternoon of January 30, 1981, Baum, Sheridan and other officials went back to the farm and proceeded to execute the warrant and seize property. Because of the weight and number of items seized, a decision was made to transport the evidence back to the sheriff's office at Huron in Baum's pickup truck. Once the truck was loaded, Baum left the farm. Sheridan was to follow him in his car. At this time Sheridan received a radio call to assist a highway patrolman who had arrested appellant. Baum then drove to Huron alone. When he arrived, he proceeded to his residence and parked his truck and the evidence in his garage. The

garage was then locked. The only other way into the garage was through Baum's house. Baum allowed his family to see the evidence, but it was not touched or disturbed by them.

The next morning Sheridan called Baum about the evidence. Baum drove his truck to the Beadle County Highway Shop where an inventory was taken and custody of the evidence was transferred to the sheriff.

Subsequent to the preliminary hearing in early February, 1981, appellant's legal counsel[1] filed a lengthy affidavit seeking, among other matters, to suppress the evidence seized. The motion lay dormant for the next fourteen months. At the urging of the trial judge, a suppression hearing was held in May, 1982. The scope of the hearing as determined by the court was:

> At this time the matter before the Court is [sic] apparently the issues that were raised in an affidavit which is some eight (8) pages in length and midway in the affidavit it is a motion for a suppression and this would be the time and place for an evidentiary hearing pursuant to that motion for suppression contained in that affidavit and the basis of the suppression motion, as I glean it from that affidavit, would be related to the items in question and the chain of evidence related to those items. . . .

The testimony produced at the suppression hearing related to the chain of custody, the preservation of the evidence and an incorrect description of the real estate to be searched. At the close of the hearing, the trial court denied appellant's request to suppress the evidence based upon an improper chain of custody or the erroneous description of the real estate. No other rulings were made by the trial court nor were any rulings requested by the appellant on several other grounds set forth in his application to suppress.

The charge of grand theft was tried to a Beadle County jury which returned a verdict of guilty. After a sentencing hearing, the appellant was sentenced to serve six years in the South Dakota Penitentiary.

The appellant first urges the trial court erred in admitting State's Exhibits 1–9 and 29–38 for the reason that the evidence seized under the warrant was not properly preserved. These exhibits are tools and diverse metal assembly pieces used at Larson Manufacturing Company.

This precise issue has been before the court on prior occasions. In the case of *State v. Christmas,* 83 S.D. 506, 162 N.W.2d 125 (1968), we held:

> Physical articles which are rationally probative as to issues which are in controversy are admissible in evidence if properly identified and shown to be in substantially the same condition as at the time when the crime was committed. A prima facie showing that such is the case is sufficient. 22A C.J.S. Criminal Law § 709; 32 C.J.S. Evidence § 607; 29 Am. Jur.2d, Evidence, § 774. If it is reasonably probable that the object has not been tampered with it is admissible in evidence. *State v. Garrington,* 11 S.D. 178, 76 N.W. 326; *Breeding v. State,* 220 Md. 193, 151 A.2d 743; *State v. Parker,* 261 Iowa 88, 151 N.W.2d 505. The determination of this question is for the trial judge in the process of which he exercises a judicial discretion. *State v. Husman,* 66 S.D. 530, 287 N.W. 30. He rules on its competency, but it is still for the jury to decide its credibility.

The trial judge must be satisfied in reasonable probability that the article has not been changed in important respects. Permissible changes are such as are not likely to mislead the jury. McCormick on Evidence, page 384. In arriving at his conclusions he must consider the nature of the article, the circumstances surrounding its preservation and custody and the likelihood of intermeddlers tampering with it. *United States v. S.B. Penick & Co.,* 2 Cir., 136 F.2d 413; *Gallego v. United States,* 9 Cir., 276 F.2d 914; *Nixon v. State,* 204 Md. 475, 105 A.2d 243. He may also give weight to the presumption that an article continues in the same

---

[1]. Appellant's appeal counsel is different than his trial counsel.

condition. 2 Wigmore, Evidence, 3d Ed. § 437(1).

This ruling has been consistently adhered to by this court since the *Christmas* decision. *See, State v. Decker,* 317 N.W.2d 138 (S.D. 1982); *State v. Moves Camp,* 286 N.W.2d 333 (S.D.1979); *State v. Robinette,* 270 N.W.2d 573 (S.D.1978); *State v. White,* 269 N.W.2d 781 (S.D.1978); *State v. Serl,* 269 N.W.2d 785 (S.D.1978); *State v. Hackney,* 261 N.W.2d 419 (S.D.1978); *State v. Herman,* 253 N.W.2d 454 (S.D.1977); *State v. Anderberg,* 89 S.D. 247, 232 N.W.2d 254 (1975); *State v. Watson,* 89 S.D. 184, 231 N.W.2d 839 (1975); *State v. Aschmeller,* 87 S.D. 367, 209 N.W.2d 369 (1973).

■ The evidence supports the finding of the trial court. The exhibits involved were not the type subject to ready change and alteration. Most of these articles were solid, single pieces of metal shaped in a particular and unusual fashion; others were pieces of metal like door handles, hinges, and drill bits. The remaining items were power tools with serial numbers. While the preservation and custody of the exhibits is not a model of police work, Baum took due precaution to preserve their integrity. He locked them in his garage. His family was not allowed to touch them. He also testified that he helped load this evidence at the farm and was able to identify it at trial as being in the same condition as when it was seized. Sheridan testified in a similar fashion. We are compelled to conclude that the trial court was correct in its ruling and a reasonable and *prima facie* show of conti-

nuity was established. *State v. Watson, supra.*

Appellant also claims as error the failure of the trial court to enter formal findings of fact and conclusions of law after the suppression hearing. The record reveals that neither the state nor appellant proposed findings or conclusions for the trial court's consideration.

When pretrial motions are presented to the trial court which involve matters of fact and the exercise of the trial court's discretion, formal findings of fact and conclusions of law are preferred by this court. *State v. Hartley,* 326 N.W.2d 226 (S.D.1982); *State v. Hintz,* 318 N.W.2d 915 (S.D.1982); *State v. Stumes,* 90 S.D. 382, 241 N.W.2d 587 (1976). However, when the record shows the trial court's reasons and basis for its ruling, and when the evidence clearly demonstrates the correctness of the ruling, this court has declined to remand matters back to the trial court for further proceedings solely upon the grounds of failure to enter findings of fact and conclusions of law. *State v. Lewis,* 90 S.D. 615, 244 N.W.2d 307 (1976); *State v. Hintz, supra.* Compare, *State v. Hartley, supra.*

■ We believe the record before us, limited to this issue only, however, clearly demonstrates the correctness of the trial court's oral findings and conclusions. The trial court applied the correct legal principles to the evidence heard at the suppression hearing and reached the correct decision upon the motion urged by the appellant.[2] Thus, we decline to remand this ap-

---

2. At the conclusion of the hearing the trial court ruled:

We have two cases which govern this area. One is a case of *State of South Dakota vs. Craig John Anderberg.* That was August 22, 1972. I don't have the cite for you. I only have the advance sheet. That case dealt with some Marihuana and in that case they cite *State v. Christmas,* which was 162 N.W.2d 125. There our Court has said, "Physical articles which are rationally probative to the issues which are in controversy are admissible in evidence if properly identified and shown to be in substantially the condition as at the time when the crime was committed. A prima facie showing that such is the case is sufficient". It said, "In the

determination of the question it is for the trial judge in the process to exercise judicial discretion. He rules on its competency but it is still for the jury to decide its credibility" and it goes on to state "That in arriving at the conclusions the trial judge must consider the nature of the article and the circumstances surrounding its preservation and custody, and the likelihood if [sic] intermeddlers tampering with it".. More recently in *State of South Dakota v. William Lawrence Decker,* [317 N.W.2d 138] which is an opinion which was filed March 17, 1982, the Supreme Court has reiterated this and it said, "That if articles are readily identifiable because of their own characteristics, their composition makes them relatively impervious to change they

peal back to the trial court for further proceedings on this issue.

The final error urged to this court is based upon the appellant's claim that the trial court improperly allowed into evidence the various exhibits that were seized under the search warrant. The thrust of appellant's argument is summarized as follows: Since Baum had called Sheriff Scheibe for advice, he was acting as agent for law enforcement officials when he initially went to search appellant's farm. Because Baum went onto his farm without a warrant and as an agent for the police, the search warrant containing Baum's observations from his personal search is tainted and any evidence seized under the warrant should have been excluded by the trial court. This question requires a review of the pretrial motions that were filed as well as the rulings by the court on them.

During the preliminary hearing, it was first ascertained that Baum had called Sheriff Scheibe before he went to the appellant's farm, but the content of this telephone conversation was not fully explored during the preliminary hearing. After the preliminary hearing, appellant's attorney filed an eight page motion by which, among other things, he sought to suppress the evidence seized by the warrant upon these grounds:

1. The warrant did not particularly describe the items to be seized;

2. The warrant was issued without probable cause to believe that property was located upon the appellant's farm;

3. The warrant was based in part upon hearsay evidence, or, that the warrant was based in part upon uncorroborated statements of a hearsay informant.

Appellant also made a general allegation in his motion that the property was illegally and improperly seized in violation of his constitutional rights, but, except for the above noted items, no specific reason was given therefore. The appellant requested an evidentiary hearing on his motion.

Appellant claims that all his grounds for suppressing the evidence as well as Baum's agency relationship with law enforcement officials were first brought to the court's attention by his motion to suppress. He further states he was granted a standing objection prior to the trial which also preserves his record for appeal. This court believes the record indicates otherwise.

The statement by the trial court, as previously noted in this opinion, was an attempt to delineate the issues that were to be considered at the suppression hearing. While there is a general reference by the court as to the issues raised in the affidavit, the purpose of the suppression hearing was in relation to the chain of evidence. At the conclusion of the evidentiary hearing, the court denied the motion and based its denial

may be admitted on testimony identifying them as objects involved in the incident if the witness can also testify they are in substantially an unchanged condition. This Court has also held—they are speaking of the Supreme Court now—"so long as proof renders reasonable the inference that the evidence was connected with the Defendant or the crime charged, the evidence is admissible". It says, "Where relatively indistinguishable items or items susceptible to alteration by mistake and substitution or tampering are offered into evidence the chain of custody must be shown with sufficient completeness to make it improbable that the original item has been tampered with or altered. The chain of custody rule is to insure that the real evidence offered is that which was seized and that is substantially the same and unchanged condition. The circumstances surrounding

the preservation and custody of evidence must be examined by the trial judge to determine whether, in all reasonable probability the item offered is the items [sic] seized and is substantially unchanged and the State must show with reasonable probability that no tampering or substitution has occurred but it need not negate every possibility of tampering or substitution".

In this particular case it would appear to the Court that based on the testimony of one of the officers who was present that there were certain items that were readily distinguishable to him and relatively impervious to change and based on his testimony that these items were in substantially the same condition the following morning when inventory was completed, the suppression motion will be denied at this time.

upon the evidence that was produced in that hearing. The court at the conclusion of the hearing referred only to the question on the chain of evidence as well as the improper legal description of the real estate. There was no urging by defense counsel at the hearing or at any time thereafter to exclude this evidence based upon any other claimed violation of the appellant's constitutional or statutory rights.

Immediately before the trial, appellant's trial counsel stated as follows:

> BY COUNSEL: One other matter I would like to bring to the Court's attention. Rather than—I suspect that I would move to continually object to the introduction of the exhibits based upon lack of foundation and chain of control. I would at this time ask the Court to grant me a *standing objection to the introduction of these exhibits for chain of control and lack of foundation* so that I don't need to continually object in front of the Jury. (Emphasis added)
>
> BY THE COURT: That is based on your suppression motion?
>
> BY COUNSEL: Yes, Your Honor.
>
> BY THE COURT: I think I would grant you a standing objection as to that based on the suppression motion and those items raised therein....

Even assuming for these purposes that the generalized motion that was filed by appellant's attorney after the preliminary hearing raised these issues, we conclude that such has not been properly preserved for review by this court. As was noted in the decision of *State v. O'Connor*, 265 N.W.2d 709, 711 (S.D.1978):

> An appeal brings to this court for review only those errors committed by the trial court which appear of record and have been preserved and presented in the manner prescribed by applicable procedural provisions. *State v. Williams*, 84 S.D. 547, 173 N.W.2d 889 (1970).

There are numerous cases decided by this court in which this rule has been applied to a trial setting. *See, e.g., State v. Hall*, 272 N.W.2d 308 (1978).

Appellant argues that this case is factually different from the *O'Connor* decision because the motion was filed prior to trial, and, it was error for the trial court not to rule upon them particularly when an evidentiary hearing was requested.

In *State v. Schiernbeck*, 203 N.W.2d 546 (Iowa 1973), the defendant filed a pretrial motion to dismiss, but no ruling was made upon this motion prior to the trial, and, the matter was not brought to the court's attention until after trial. In ruling upon this claimed error the Iowa Supreme Court held:

> Defendant asserts trial court erred in failing to sustain either of his motions to dismiss. However, neither motion was ever ruled on by the trial court. A motion not ruled on in the trial court, where there has been no request or demand for ruling, preserves no error. (citation omitted) We would violate our function as a court of review if we were to pass upon the merits of a motion without at least a showing in the record that a trial court ruling was specifically requested, after which it failed or refused to rule. (citations omitted)
>
> In this case defendant proceeded to trial knowing there had been no ruling on either of his motions to dismiss and without having called the omission to the attention of the court. Under this record we have nothing to review.

203 N.W.2d at 547. In the case of *Dowdy v. State*, 152 Ga.App. 145, 262 S.E.2d 511 (1979), the Supreme Court of the State of Georgia was presented with a similar factual situation. The decision of that court held:

> Counsel for the defendant made a number of motions prior to trial, including a written motion to continue and a written motion to sever. There is nothing in the record or transcript which indicates that the trial judge ever made any ruling on the motions to continue and to sever. Defendant contends that we must assume that the trial court overruled the motions inasmuch as the motion to continue was made the day before trial, and the trial began the following day. Likewise, he

contends it can be assumed that the motion to sever was overruled since the defendant and another were tried together. Error must be shown from the record or transcript of the proceedings. The burden is on him who asserts error to show it affirmatively by the record. (citations omitted) Under the circumstances here we cannot assume that these motions were ever called to the attention of the trial court or that he was called upon to make a ruling thereon. Defendant may simply have waived any ruling thereon. Since we can assume that these motions were never ruled upon there is no merit in Enumerations 1 and 2 with reference to the motion to continue and motion to sever. (citation omitted)

262 S.E.2d at 512.

■ We agree with the holdings of the Iowa and Georgia courts. The mere filing of a pretrial motion is not enough to raise an issue for review. The matter must be urged for ruling by the trial court, and in absence of any ruling by the trial court on a specific issue, the record is not preserved for appeal. The pretrial motion made by the appellant raises general constitutional issues and some specific ones. Yet, when the suppression hearing was held, it concerned itself only with the preservation and integrity of the evidence as well as the improper legal description of the real estate. Appellant did not urge the trial court to rule upon any of the other issues that may have been raised in the motion to suppress. Nor was any ruling requested during the trial. The failure to do so does not preserve an adequate record upon which review can be made.

The appellant also urges that, if the matter has not been properly preserved by way of record, this court should apply the plain error rule. The plain error rule is now recognized in South Dakota by court rule, SDCL 19-9-6, and by statute, 23A-44-15. The rule has been given recognition by this court in the cases of *State v. Brammer,* 304 N.W.2d 111 (S.D.1981), and *State v. Bunnell,* 324 N.W.2d 418 (S.D.1982). Yet, while this rule has now been recognized it "is not

to say that every error that occurs at trial rises to the level of plain error, *for the plain error rule must be applied cautiously and only in exceptional circumstances."* (Citations omitted). *State v. Brammer, supra,* at 114. (Emphasis supplied). But more importantly, when plain error is urged as a reason for reversal, the record must be such that this court can readily determine that an error exists. It is particularly difficult to make such a determination when, as in this case, there was a failure to attempt to exclude certain evidence from the trial. Such a failure to act may mean that this court cannot determine whether there was plain error.

This problem was graphically illustrated in the case of *Sykes v. United States,* 373 F.2d 607 (5th Cir.1966), *cert. denied,* 386 U.S. 977, 87 S.Ct. 1172, 18 L.Ed.2d 138 (1967). In *Sykes* the defendants for the first time on appeal objected to the admissibility of their clothing at trial claiming it was taken from them after an illegal arrest. The record was insufficient to show whether the arrest was legal or illegal. While noting that it had the power to reverse despite a failure to object if the record disclosed plain error, the appellate court said:

In the present case, however, whether or not there was error is not at all clear, although the error, if it existed, would have been substantial. The error multiplies the difficulty of breathing life into a paper record. There is nothing conclusive in the evidence establishing either the legality or illegality of the arrest.

Imagination in re-living the trial is here not sufficient, but must be accompanied by speculation as to what would have appeared had the claim of error been considered. Speculation wastes time and bears ephemeral fruit. For this reason this Court has held that there is no "plain error" where, irrespective of the substantiality of the claimed error, the record does not present the question in enough detail . . . .

The present case classically illustrates the soundness of this rule. Whether or

not there was error was not visible because all of the circumstances of the arrest were not before the court. That which is not visible cannot be "plain." We are not equipped for divination....

373 F.2d at 612–613.

■ We agree with the appellate court's reasoning. The record before this court is as incomplete on the alleged plain error concerning the search by Baum and the subsequently issued search warrant as was the record in the *Sykes* decision on the question of the illegal arrest. Only Baum's recollection of what Sheriff Scheibe told him over the telephone appears of record. The sheriff did not testify at any proceedings in this matter and his testimony might be different. Even assuming that Baum's initial search was illegal, we cannot determine from this record whether the subsequent search by law enforcement officials was or was not a valid consent search. The record is totally void on the circumstances and conversation surrounding this consent search. Since the record does not disclose enough detail surrounding these two initial searches, both of which were used to establish probable cause for issuance of the search warrant, we decline to apply the plain error rule.

Accordingly, the appellant's conviction for grand theft is affirmed.

All the Justices concur.

KEAN, Circuit Judge, sitting for FOSHEIM, Chief Justice, disqualified.