Jessie James **TAYLOR**, Plaintiff in Error,

v.

**STATE** of Tennessee, Defendant in Error.

Court of Criminal Appeals of Tennessee.

Feb. 24, 1972.

Certiorari Denied by Supreme Court
April 17, 1972.

Hugh W. Stanton, Jr., and Joe Mercer, Asst. Public Defenders, Memphis, for plaintiff in error.

David M. Pack, Atty. Gen., Weldon B. White, Jr., Asst. Atty. Gen., Nashville, Ewell Richardson, Asst. Dist. Atty. Gen., Memphis, for defendant in error.

## OPINION

JOHN D. TEMPLETON, Special Judge.

Jessie James Taylor was convicted in the Criminal Court of Shelby County of armed robbery and sentenced to 15 years imprisonment. On his appeal in error we affirm.

The plaintiff in error was indicted jointly with Marshall Harris in connection with the armed robbery and attempted robbery of three liquor stores in Memphis that occurred in September 1970. Harris obtained severances and on the trials plaintiff in error was convicted of armed robbery of 7–11 store and sentenced to 10 years, assault with intent to commit robbery with a deadly weapon of ALG store and sentenced to 10 years, and armed robbery of W & W store and sentenced to 15 years. The judge ordered the sentences to run consecutively. We recently affirmed his conviction for robbery of 7–11 store and have the other two cases, of which this is one, before us now.

The first four assignments of error are that the evidence preponderates against the verdict, there is no evidence to sustain the verdict, the verdict is contrary to the law and the evidence, and that the only evidence of defendant's guilt was an extra-judicial confession which was in no way corroborated by any independent proof. We now examine the facts, especially on the last point, with some particularity.

William Cardosia testified that on September 10, 1970 about 9:00 P.M. while he was working alone in the W & W store two young male negroes came in and held him up, taking about $300.00 out of the cash register, and fled. He said one of them had a small caliber, .22 or .25, automatic pistol which he threatened to use.

Taylor and Harris were arrested October 2, 1970 for the armed robbery of 7–11 store. On October 3, 1970 Taylor made a written confession in part as follows:

Q. Jessie, on Thursday, September 10, 1970 approximately 9:00 P.M., the W & W liquor store, 815 Vance St. was the victim of an armed robbery by two Male Negroes. Are you one of the Male Negroes responsible for this armed robbery?

A. Yes.

Q. Jessie, seated in front of you is a Male Negro known to the Memphis Police Dept as Marshall Harris age 17 Was he the other Male Negro who accompanied you in this hold-up?

A. Yes, sir.

Q. Jessie, state in your own words leading up to, during and after this armed robbery?

A. Me and Marshall Harris came by the place, saw one man in there. Then we decided to rob it. So we both walked into the store, I walked up to the man and told him this was a stick up while Marshall held the pistol on him. I grabbed all the money out of the cash register, then we began to run out down Walnut to my house. We divided the money we got about $105.00 each.

Q. Jessie, I will show you a .25 calibre blue steel automatic pistol, Titan Mfg. Corp., Miami, Florida, serial #B30075, and ask you if this is the pistol that Marshall Harris used in the holdup at 815 Vance, the W & W Liquor Store?

A. Yes.

Q. Jessie, who owns this pistol?

A. I do.

Q. Jessie, what did you do with your part of the money obtained in this robbery?

A. Spent it on a pair of shoes, out a leather coat in the layaway

Q. Jessie were you armed with any type weapon during this robbery?

A. No.

At the trial Cardosia was able to identify Taylor and the pistol only to the extent of saying Taylor was similar to one of the men who robbed him and the pistol was similar to the one used in the robbery. We think the evidence does not preponderate against the verdict and the assignments are overruled.

 It is insisted that Cardosia's statements that the defendant is similar to one of the men who robbed him and the pistol is similar to the one used in the robbery leaves the conviction standing on the uncorroborated confession which is insufficient. This overlooks the fact that the corpus delicti was established by proof independent of the confession and the statements by Cardosia calculated to connect Taylor with the crime were wholly unnecessary to sustain a conviction.

The corpus delicti cannot be established by a confession alone. It can be when taken in connection with other evidence, direct or circumstantial, corroborating the confession. If from all the evidence the corpus delicti and the guilt of the defendant is proved beyond a reasonable doubt it is the duty of the jury to convict. Ashby v. State, 124 Tenn. 684, 139 S.W. 872 (1911). If our cases that refer to Ashby v. State are consulted, it will be seen that they are dealing with the amount of corroboration necessary to make out the corpus delicti. They do not say that the defendant must be connected to the crime by evidence outside of the confession.

The courts are said to be agreed that evidence in corroboration of a confession need not connect the defendant with the crime charged and that such connection can be shown by his confession without corroboration on that point. A confession

may sustain a conviction where there is other evidence sufficient to show the commission of the crime by someone. 30 Am. Jur.2d, Evidence, Sec. 1137. It has been pointed out in our State that such was the rule at common law and it was not error to refuse to charge the jury that there must be corroborating circumstances before a conviction can be sustained on a confession of guilt. Williams v. State, 80 Tenn. 211 (1883).

■ The fifth assignment of error is the pistol was not admissible evidence because it was the product of an unlawful search. A victim of the 7–11 robbery identified Taylor as one of the robbers and the officers went to his home to arrest him for it. Taylor was in bed and started toward a chifforobe on the lower shelf of which in plain sight was a 25 caliber pistol. The arrest without a warrant was lawful. Greer v. State, (Tenn.Cr.App.1969) 443 S. W.2d 681. And seizing the pistol was lawful. Dotson v. State, (Tenn.Cr.App.1970) 454 S.W.2d 174. The assignment is overruled.

■ The sixth assignment of error is that the confession was inadmissible. The officers arrested Taylor at his home where he was asleep in bed early in the morning of October 2, 1970. At the jail that morning he admitted the 7–11 robbery and the ALG attempted robbery and implicated Harris. The officers arrested Harris who in turn admitted the crimes. It appears that the officers went about other work the balance of that day and took statements from Taylor and Harris together and separately the next day, October 3. The statement already referred to about the W & W robbery was executed by Taylor that day, October 3. Taylor did not testify. The trial judge heard all of the particulars respecting the confession and found it to be admissible and we think he was right. Taylor was not prejudiced by the fact he was not taken before a magistrate until Monday, October 5, after

having been arrested Friday, October 2. The assignment is overruled.

Some of the questions raised by the assignments were disposed of in the case already decided, Taylor v. State of Tennessee, Tenn.Cr.App., 477 S.W.2d 765, but they have been examined and commented on here again.

All of the assignments of error are overruled and the judgment is affirmed.

GALBREATH, and MITCHELL, JJ., concur.