STATE, Respondent v. KIEHN, Appellant

(199 N.W.2d 594)

(File No. 10753.   Opinion filed July 18, 1972)

Order denying petition for rehearing 8-29-72

**Walter W. Andre,** Asst. Atty. Gen., Pierre, for plaintiff and respondent; **Gordon Mydland,** Atty. Gen., Pierre, was on the brief.

**Donald J. Porter,** Pierre, for defendant and appellant.

BIEGELMEIER, Judge (on reassignment).

Defendant appeals from his conviction of indecent molestation of his five-year-old daughter Robin. After having heard oral argument and before a decision was reached, due to a change in membership of the Court, reargument was ordered.

■ Defendant contends the court erred in refusing to instruct the jury on assault and battery, claiming they are included offenses. The crimes of assault and battery require force and violence. SDCL 22-18-1. SDCL 23-45-23 provides the jury may find a defendant "guilty of any offense, the commission of which is. necessarily included in that with which he is charged". In State v. Pepka, 72 S.D. 503, 37 N.W.2d 189, the defendant was charged with attempted rape of a girl under 18 years of age; the court refused to submit the question of guilt of assault. The court wrote:

"Under the provisions of SDC 13.2801 the use of force or violence by the man is not an element of the crime of rape where the female is under the age of eighteen years. * * * We are of the opinion, therefore, that the crime of assault as defined by our law is not an offense 'necessarily included' in the crime charged by this information."

Accord: State v. Barber, 83 S.D. 289, 158 N.W.2d 870. Similarly SDCL 22-22-7, which defines indecent molestation of a child, does not require force or violence as an element thereof as it reads:

"**Indecent molestation of child.** — Any person who shall willfully and unlawfully commit any lewd or lascivious act upon or with the body, or any part or member thereof, of a child under the age of fifteen years, with the intent of arousing, appealing to, or gratifying the lust or passion or sexual desires of such person, or of such child, shall be guilty of the crime of indecent molestation of a child."

The trial judge in State v. Holt, 79 S.D. 50, 107 N.W.2d 732, instructed the jury that if they did not find defendant guilty of indecent molestation of a child under 15 years of age, it could find him guilty of assault or battery. The jury verdict was guilty as to the indecent molestation. The only question was the use of a dictionary as to the terms involved in the assault and battery charges and not of the propriety of the submission of the latter to the jury.

■ Defendant asks that we redefine insanity to reflect, as he states it, the realities of society today and substitute the "Durham" rule, Durham v. United States,[1] or the A.L.I. Model Penal Code proposal. See 21 Am.Jur.2d, Criminal Law, § 38. Our state has adopted the "M'Naghten" or right or wrong test by statute, SDCL 22-3-1. We have been asked to change or modify it before (see State v. Waugh, 80 S.D. 503, 127 N.W.2d 429, and State v.

---

1. 94 U.S.App.D.C. 228, 214 F.2d 862; overruled June 23, 1972, United States v. Brawner, D.C.Cir., — F.2d — (U.S. Law Week 6-27-72).

Kingston, 84 S.D. 578, 174 N.W.2d 636), but have declined that course. Our answer in the cited cases reflects our views and we adhere to them.

■■ Defendant's counsel objected to a question asked Robin's mother, "And what did she (Robin) say?", on the ground that it was hearsay. The objection was overruled and the witness answered: "She had told me that her dad had took her panties off and had laid on her."

"Of course, also, the opponent whose **question calls in advance** for obviously inadmissible evidence has thereby waived objection to the answer."

It appeared defendant had taken Robin out in the car during the morning, and after he brought her home the mother noticed the bloody condition of Robin's panties and legs. The mother called the police and Robin was taken to the hospital; while there she asked Robin what happened. The answer was as above quoted. This was around noon and about two hours after the claimed molestation.

"Where the victim is of an age to render improbable that her utterance was deliberate and its effect premeditated the utterance need not be so nearly contemporaneous with the act as in the case of an older person." State v. McFall, 75 S.D. 630, 71 N.W.2d 299.

See also State v. Percy, 81 S.D. 519, 137 N.W.2d 888. Coming into the record as it did the trial judge did not err in overruling the objection of defendant's counsel. Further, another witness testified without objection of the statement by Robin. See State v. Hermandson, et al., 84 S.D. 208, 169 N.W.2d 255, and Alberts v. Mutual Serv. Cas. Ins. Co., 80 S.D. 303, 123 N.W.2d 96.

■■ Error is claimed in the admission in evidence of some items found in the family car when Robin was driven to the hospital. This was within three hours of the time defendant had used it that morning. The objection was to foundation, and there is no

evidence of any change or alteration of the items during the elapsed time. The trial judge rules on its competency; its credibility is for the jury. State v. Christmas, 83 S.D. 506, 162 N.W.2d 125.

Defendant asserts the confession introduced in evidence was not voluntary; the court erred in allowing it to go to the jury and further erred by not allowing the jury to decide on its voluntariness. The trial judge took evidence in camera where extensive direct and cross-examination of officer Brancel took place. That evidence covers 80 pages of the transcript. After argument the trial judge announced:

> "Very well, it will be the Court's ruling that the confession and voluntary statement contained in the State's Exhibit now marked Exhibit 2 under date of April 30, 1969, is a voluntary confession and may be used in the trial of this case and admitted into evidence for consideration by the jury as to its weight and credibility together with all the other facts and circumstances."

Further testimony before the jury of this officer adds over 50 pages to the subject, whereupon the typed and signed confession of defendant, with printed Miranda warnings at the top, was admitted in evidence. It is clear the trial judge considered and followed the Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, decision and those of this court applicable.

On the claim that the confession was inadmissible for the reason it was not voluntary, defendant quotes from the Blackburn v. Alabama, 1960, 361 U.S. 199, 80 S.Ct. 274, 4 L.Ed.2d 242, opinion by Chief Justice Warren as follows:

> " 'the evidence indisputably establishes the strongest probability that (defendant) Blackburn was insane and incompetent at the time he allegedly confessed.' "

A 24-year-old Negro, Blackburn had a record showing he suffered from a lengthy siege of mental illness, was permanently disabled by a psychosis, and was "100 percent incompetent". A local court-appointed medical board declared he was insane at the time

of the crime and original trial date. The opinion declares "the evidence indisputably establishes the strongest probability that Blackburn was insane and incompetent at the time he allegedly confessed", and a basic sense of justice is affronted by incarcerating a person "upon the basis of a statement he made while insane". It will be seen Blackburn is not apposite, as the trial judge found defendant mentally competent as to the confession, the jury as to the criminal act and the evidence sustains both findings. The court in Blackburn said "the evidence (of insanity) introduced prior to the admission of the confession was ample to establish its involuntariness". It was therefore unnecessary to consider any further evidence thereafter introduced on that subject. The opinion then, by what may be dictum, proceeds to answer the question of what evidence the judge must consider in determining the voluntary or involuntary nature of the confession. Rejecting the notion that it is predicated solely on the evidence introduced by defendant before admission of the confession, the opinion continues: "Where the involuntariness of a confession is **conclusively** demonstrated at any stage of a trial" (emphasis supplied), the conviction does not meet due process standards without exclusion of the confession. The evidence here is not the kind the Supreme Court described.

State v. Thundershield, 1968, 83 S.D. 414, 160 N.W.2d 408, where the question is fully discussed and many cases are cited, adopted the orthodox rule as to determination of admissibility of confessions. The opinion sets out quite in detail the procedure for that determination as follows:

> "When a confession or an incriminating statement allegedly made by the accused is offered by the prosecution and objected to, the state has the burden of proving beyond a reasonable doubt the same was freely and voluntarily made. This proof must be made in an independent hearing of all relevant facts outside the presence of the jury. At this hearing the defendant may testify and be cross-examined as to the issue of voluntariness without jeopardy to or waiver of his right to remain silent at the trial. After hearing the facts the trial judge must finally and solely determine, as a matter of

law, whether or not the confession or incriminating statement is, or is not, voluntary. This determination and the evidence upon which it is based should be made part of the record. If found to be involuntary the confession or statements may not be admitted at the trial as evidence. If found to be voluntary they may be admitted in evidence for consideration by the jury as to their weight and credibility together with all the other facts and circumstances. No special instructions on this subject should be necessary."[2]

The decision as to the admissibility of a confession by the trial judge "as a strict matter of law" was foreshadowed, if not expressly declared, as early as 1908 in State v. Landers, 21 S.D. 606, 611, 114 N.W. 717, 719.

■ ■ From all the testimony of officer Brancel, it was the province of the judge to consider, reconcile any differences and decide therefrom if the confession, beyond a reasonable doubt, was voluntarily made under Miranda guidelines. As with other decisions of a trial court, we consider the evidence in the light most favorable to support it. Initially this is the evidence produced at the in-camera hearing as it is on that record the trial judge makes his decision on admissibility. To set out all the evidence on the voluntary nature of the confession received before or after its admission would unduly extend this opinion; however, after consideration of the record,[3] as written in State v. Thunder-

---

2. Thereafter the United States Supreme Court in Lego v. Twomey, decided January 12, 1972, 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618, considered the different burden of proof standards and held proof thereof by a preponderance of the evidence was a permissible standard not inconsistent with the mandate of In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368.

3. There was testimony Miranda warnings were given orally several times and also read to defendant from the printed form on the top of the confession before he signed it. In camera defendant testified: "A He (Brancel) read the top to me before he installed it in the typewriter and started typing. * * * I am referring to the fine print on here that was on the stationery originally. * * * Q * * * you did sign it (the confession)? A Yes. Q * * * was * * * this typewritten material * * * in there before you signed it * * * ? A Yes."
Officer Brancel's testimony in part was: Direct examination in chambers: "A And then I asked him if he understood and would he talk to me. Q And what did he say? A Yes, he would talk to me." Cross-examination: "A * * * and I asked him if he then — if he understood it and if he wanted to talk and he said he would. Q He said he would what? A He said he would talk." Direct examination before jury: "A * * * I asked him if he understood that and if he wanted to talk and he said he would talk." Redirect examination: "A I asked him if he understood it and if he wanted to talk about it. Q And what did he say? A He said he did."

shield, supra, "we see no reason to disturb the trial judge's ruling admitting defendants' statements." Cf., Bosket v. State, June 6, 1972, Wis., 197 N.W.2d 767.

We note that in Klingler v. United States, 1969, 8 Cir., 409 F. 2d 299, cert. den. 396 U.S. 859, 90 S.Ct. 127, 24 L.Ed.2d 110, the defendant answered that he understood his rights but refused to sign the printed form on the ground that he didn't " 'sign anything without a lawyer.' " The court held that the defendant had voluntarily, knowingly and intelligently waived his right to counsel and that his refusal to sign the written waiver form without the presence of counsel was not fatal. See also Hughes v. Swenson, 1971, 8 Cir., 452 F.2d 866, where the court wrote:

> "Having concluded that appellant was not only warned as required by **Miranda** but that he also asserted that he understood his rights, the legal question remains whether such an assertion constitutes a valid waiver of counsel. * * * The thrust of appellant's claim is that a valid waiver cannot be effective absent an expressed declaration to that effect. We are cited to no case which supports appellant's thesis and independent research discloses none. To the contrary, the Fifth, Seventh, Ninth, and Tenth Circuits have held in effect that if the defendant is effectively advised of his rights and intelligently and understandingly declines to exercise them, the waiver is valid."

See also United States v. Ellis, 1972, 8 Cir., 457 F.2d 1204.

■ Lastly, defendant asserts the court erred in not allowing the jury to decide on the voluntariness of the confession, and quotes from the dissenting opinion in Thundershield favoring the Massachusetts rule and, in effect, requests that the court overrule that part of the Thundershield opinion. We again decline to do so and adhere to it. No claim is made of the insufficiency of evidence, and so the opinion has been spared from setting out the unpleasant details in the record which amply supports the verdict.

The judgment is affirmed.

All the Judges concur.

BANDY, Associate Judge, sitting for WINANS, J., disqualified, pursuant to SDCL 16-8-13.