**STATE of South Dakota, Plaintiff and Respondent,**

v.

**Randy Alan LYONS, Defendant and Appellant.**

**No. 12322.**

Supreme Court of South Dakota.

Argued June 9, 1978.

Decided Aug. 17, 1978.

---

John P. Guhin, Asst. Atty. Gen., Pierre, for plaintiff and respondent; William J. Janklow, Atty. Gen., Pierre, on brief.

John J. Burnett of Pennington County Public Defender's Office, Rapid City, for defendant and appellant.

JONES, Circuit Judge.

Appellant was a suspect in a robbery. During interrogation, he confessed. Prior to trial, appellant moved to suppress the confession on the grounds that it was coerced. The motion was denied, and the confession was admitted into evidence at appellant's trial. Appellant appeals from his conviction of robbery. We affirm.

On March 12, 1977, the owner of the Bi-Rite Grocery was struck as he left the store with a strong box containing the day's receipts. The box, containing about $2,300 in cash, was taken. Witnesses saw a man who had been sitting on the porch of a house across the street cross the street and commit the robbery, but they were unable to identify the robber. The next day, a letter was discovered on the porch of the house addressed to the appellant from his wife in Phoenix, Arizona. When the letter was brought to the attention of the police, they started looking for appellant, and, later that day, stopped him as he was preparing to board a plane at the Rapid City Airport, bound for Phoenix.

The officers read appellant his *Miranda* rights, and upon questioning, he denied committing the robbery. Appellant was questioned concerning communications he had had with his wife, and one of the officers then called his wife in Arizona and discussed with her her contacts with the appellant. Her statements were inconsistent with the appellant's statements, and he was confronted with the inconsistencies.

Appellant testified in this regard:

Q. And when he returned, do you recall what he told you then?

A. Yes, just that he asked me before he left the room if I had talked to my wife that day, and I told him yes, and then he left the room and come back. He said he talked to my wife. That our stories didn't match. That somebody was lying and then, he said I was either getting in deeper and deeper and just making things worse, and then, he started talking about my wife being arrested.

The officer's testimony as to this conversation was:

Q. Okay now, did you tell Mr. Lyons that you—that you were thinking of arresting his wife after he denied having anything to do with the robbery?

A. No, I told him that, with some information that he had previously told me, and with what his wife had told me through a telephone conversation, that he was possibly getting his wife involved in this and I questioned him as to whether or not he really wanted to get his wife involved in it and there was—with the possibility that she may be charged.

The appellant shortly thereafter confessed to the crime, told the officers where the strong box was located, and that he had mailed part of the cash to his wife. A package addressed to his wife and containing four plastic bags containing $1,510.20 was intercepted at the Rapid City post office.

When a confession or an incriminating statement allegedly made by the accused is offered by the prosecution and objected to, the state has the burden of proving beyond a reasonable doubt the same was freely and voluntarily made. *State v. Thundershield*, 1968, 83 S.D. 414, 160 N.W.2d 408; *State v. Kiehn*, 1972, 86 S.D. 549, 199 N.W.2d 594. The trial judge has the responsibility for making a decision on whether the state has met its burden of proof, in view of the totality of the circumstances. *State v. Adkins*, 1975, 88 S.D. 571, 225 N.W.2d 598; *State v. Stumes*, 1976, S.D., 241 N.W.2d 587. If the trial court finds the confession was voluntary beyond a reasonable doubt, such finding is binding upon this court unless it is clearly erroneous. *State v. Aschmeller*, 1973, 87 S.D. 367, 209 N.W.2d 369; *State v. Lewis*, 1976, S.D., 244 N.W.2d 307.

The trial court, in its written decision in this case, properly stated that statements of the type made are to be frowned upon and should not be made by officers in the course of an interrogation. 80 A.L.R.2d 1428. When they are made, courts have an obligation to examine the evidence with extra care to insure that only confessions voluntarily made are admitted into evidence.

The trial court went on to hold that since there was no direct threat to arrest appellant's wife, and since she was more than a thousand miles away, and in view of the other evidence against him, the officer's statement to appellant did not render his confession involuntary or coerced. The court concluded, "However, in this case, the Court does feel that the confession was voluntary and made by one who has realized that 'the jig is up,' that his lies have been found out and that the evidence against him is substantially such that further denials would seemingly be fruitless."

We find from a careful examination of the entire record that there is ample evidence to sustain the trial court's decision. *State v. Aschmeller*, supra. Accordingly, the judgment of conviction is affirmed.

All the Justices concur.

JONES, Circuit Judge, sitting for ZASTROW, Justice, disqualified.