STATE of South Dakota, Plaintiff
and Respondent,

v.

Mark CARLSON, Defendant
and Appellant.

No. 12438.

Supreme Court of South Dakota.

Submitted on Briefs Dec. 18, 1978.

Filed Sept. 19, 1979.

B. Elizabeth Ganje, Asst. Atty. Gen., Aberdeen, for plaintiff and respondent; William J. Janklow, Atty. Gen., Pierre, on brief.

Judith K. Meierhenry, of Meierhenry, DeVany, Krueger & Meierhenry, Vermillion, for defendant and appellant.

WOLLMAN, Chief Justice.

Defendant appeals from his conviction on a charge of grand larceny. We reverse.

On June 19, 1977, defendant returned to his home in Vermillion to find that his stereo receiver had been stolen. After notifying the police, he began his own investigation. He narrowed his list of suspects to one person, Terry Struse, and drove to Struse's home. Struse was not at home when defendant arrived. Defendant's knock on the door was answered by Curtis Rothlisberger, who had spent the night in the Struse home and who was looking after the property during Struse's absence that afternoon. Defendant was extremely angry. He told Rothlisberger that Struse had stolen an amplifier from him, to which Rothlisberger replied that defendant could look around the house for his amplifier if he wanted to (Rothlisberger was slightly ac-

quainted with defendant, having been given a ride to Struse's residence by defendant on an earlier occasion). Defendant looked around the house but was unable to find his amplifier, whereupon he left. Defendant returned to the Struse residence later that afternoon. He told Rothlisberger that until he got his own amplifier back he was going to take Struse's amplifier. In Rothlisberger's presence, defendant carefully disconnected Struse's amplifier from the other components to which it was attached. When Rothlisberger inquired about defendant's identity so that he could tell Struse who had taken the amplifier, defendant replied, "Mark." Defendant then took the amplifier to the home of a longtime friend. He left the amplifier there, telling the friend that either he, defendant, or an officer would be back for it later and that the friend should give it to whoever came for it.

On the date of the alleged offense SDCL 22–37–1 provided: "Larceny is the taking of personal property accomplished by fraud or stealth and with intent to deprive another thereof." *

We agree with defendant that the trial court should have granted defendant's motion for a directed verdict of acquittal based upon the state's failure to establish that the taking of the amplifier was accomplished by stealth. Viewing the record in the light most favorable to the verdict, there is no

evidence to support a finding that defendant took the amplifier under circumstances amounting to a taking by stealth. It is true that a taking of property without the knowledge or consent of the owner will constitute a taking by stealth under certain circumstances, *State v. Aschmeller*, 87 S.D. 367, 209 N.W.2d 369 (1973), but those circumstances were not present here. Defendant went to the Struse residence under circumstances indicating that he expected to find Struse there. The state's evidence clearly shows that defendant took the amplifier with the intention that Struse be notified of the fact by Rothlisberger. Defendant made no attempt to conceal his identity or conduct from Struse or from the world at large. A taking under these circumstances is not accomplished by stealth within the meaning of SDCL 22–37–1. See *United States v. Banks*, 383 F.Supp. 368 (W.D.S.D.1974). Cf. *State v. Christiansen*, 46 S.D. 61, 190 N.W. 777 (1922).

The judgment of conviction is reversed.

All the Justices concur.

---

* SDCL 22–37–1 was repealed effective October 1, 1977. 1976 S.D.Sess.L. ch. 158 § 37–5; 1977 S.D.Sess.L. ch. 188 § 43–8. Whether defendant's conduct would have constituted a crime under the new theft statute, SDCL 22–30A–1, is a question on which we express no opinion.