**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Joseph R. HINTZ, Defendant and Appellant.**

**No. 13380.**

Supreme Court of South Dakota.

Considered On Briefs Feb. 24, 1982.

Decided May 5, 1982.

Jeffrey P. Hallem, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Roberta Jean Earley, Spearfish, for defendant and appellant.

MORGAN, Justice.

Appellant was convicted by verdict of a Lawrence County jury of one count of grand theft, SDCL 22–30A–17, and one count of third-degree burglary, SDCL 22–32–8. Judgment of conviction was entered and this appeal followed. Unequivocally admitting all the facts of the crime, appellant contends that his confession used at trial was involuntary and, therefore, not admissible and that the State's delay in taking him before a magistrate for arraignment denied him his statutory and constitutional rights. We affirm.

After consuming four to five beers, appellant left a Deadwood bar in the early morning hours of December 21, 1979. Thereafter, he broke a display window at a jewelry store, removed several items of jewelry and hid them in a nearby vacant lot. Appellant then proceeded to the home of Fred Schaefer (Schaefer) where he telephoned a friend, Larry Tighe (Tighe). At appellant's request, Tighe came and picked him up and took him to the home of his brother. In the course of the ride, appellant bragged to Tighe about what he had done. Later, Tighe called the police station, inquired about the incident, and when the robbery of the jewelry store had been confirmed, informed Officer Juso of the appellant's statements. He also informed Officer Juso that appellant was at his brother's house.

At 6:30 a. m., Officers Juso and Eide proceeded to the home of appellant's brother. After the brother consented to a search, the officers found appellant sleeping in an upstairs bedroom. They woke him and asked him to accompany them to the police station. At this time, appellant appeared groggy and Officer Juso smelled alcohol on his breath. At all times, however, appellant appeared coherent.

Appellant and the officers arrived at the police station at approximately 7:00 a. m. Ten minutes later, appellant was read his Miranda rights and Officers Juso and Eide proceeded to interrogate him. Apparently, appellant told the officers conflicting stories, none of which they believed, and the interrogation continued. During the interrogation, Schaefer appeared in the police station for the purpose of giving the police a signed statement concerning the incidents occurring at his house in the early morning hours. Officer Eide went to talk to Schaefer and Officer Juso brought appellant into the presence of Schaefer, who identified appellant as the man who had made the phone call from his home.

Immediately after Schaefer's identification of appellant, he was again read his Miranda rights and he confessed. The confession was taped and later transcribed. The interrogation ended at about 8:55 a. m. and shortly thereafter appellant took the officers to the location of the jewelry.

After returning to the police station, appellant remained incarcerated until 1:50 p. m. at which time he was brought before a magistrate for arraignment. This was the first time appellant was apprised of the charges against him.

On appeal, appellant argues that his confession was not voluntary and that he was not brought before a magistrate without unnecessary delay. For these reasons, appellant seeks reversal of his conviction for the burglary and grand theft for which he had received concurrent five-year sentences, partially suspended and reduced for the time he had spent in the county jail.

We first examine the issue of voluntariness of appellant's confession. Before a confession is admissible the State must prove beyond a reasonable doubt that the confessor knowingly, intelligently and voluntarily waived his right against self-incrimination by making the statement free of coercion. *State v. Lyons*, 269 N.W.2d 124 (S.D.1978). The trial judge's finding of voluntariness is not overturned unless it is clearly erroneous. *Id.*, at 126. Moreover, we consider the evidence in a light most favorable to support the trial court's denial of appellant's suppression motion. *State v. Kiehn*, 86 S.D. 549, 199 N.W.2d 594, 598 (1972).

The essential question is whether appellant's waiver of his Fifth Amendment

right against self-incrimination was voluntary, and also constituted, "a knowing and intelligent relinquishment or abandonment of a known right or privilege, a matter which depends in each case "upon the particular facts and circumstances surrounding the case, including the background, experience, and conduct of the accused." *Edwards v. Arizona,* 451 U.S. 477, 482, 101 S.Ct. 1880, 1883, 68 L.Ed.2d 378 (1981) quoting *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938). Here, the interrogation lasted for approximately two hours. Although appellant claimed that he was groggy and possibly intoxicated, the record shows that he was coherent. Appellant was read and indicated his understanding of his *Miranda* rights on at least two occasions during questioning. Admittedly, appellant was upset, nervous and fidgety. Yet, he never, at any time, chose to exercise any of his rights under *Miranda.* After appellant observed Schaefer in the police station, he undoubtedly realized that the officers were onto him. Schaefer was not a witness to the burglary and could only identify appellant as the man who had aroused him in the early morning hours for the purpose of using the telephone.* Although appellant suggests that the time from when he was taken into custody till his confession is a delay which renders the confession involuntary, we do not recognize two hours as such a delay. Moreover, the delay in seeing the magistrate is irrelevant, because appellant confessed before the delay, even if any existed. *See* Annot., 19 A.L.R.2d 1331.

The trial judge denied appellant's motion to suppress, stating his reason for doing so on the record. Appellant makes no issue as to the sufficiency of the trial court's order and findings on the record. We would pre-

fer, however, that the trial court make more detailed findings of fact on the record. In this case the record is so patently clear that appellant knowingly, intelligently and voluntarily waived his rights under the *Miranda* rule, and that the statements made by him were voluntary beyond a reasonable doubt, we decline to remand this case and therefore affirm the trial court in admitting the testimony into evidence.

We next examine the issue of unnecessary delay. South Dakota Codified Laws 23A–4–1 requires that a defendant be brought before the magistrate "without unnecessary delay." In these cases, this court has required not only a showing of unnecessary delay but also prejudice to the defendant's fair trial rights. *State v. Erdmann,* 292 N.W.2d 97, 98–99 (S.D.1980); *State v. Provost,* 266 N.W.2d 96, 102 (S.D.1978); *Application of Dutro,* 83 S.D. 168, 156 N.W.2d 771, 772 (1968). Appellant makes no allegation of prejudice. In order to show prejudice, there must be some reasonable nexis between the unnecessary delay and the confession. *Commonwealth v. Jones,* 473 Pa. 381, 374 A.2d 970, 972 (1977); *Taylor v. State,* 479 S.W.2d 659 (Tenn.Cr.App.1972). Here, appellant confessed within two hours of being taken into custody. The only apparent delay occurred between 9:00 a. m. and his arraignment. Where a defendant confesses before the delay he cannot show prejudice sufficient to reverse a conviction. *Id.,* at 662.

We affirm the judgment of the trial court.

All the Justices concur.

---

* Appellant did not raise an issue concerning a suggestive line-up except in the context of wearing down his will.