MORGAN, Justice.

Dennis L. Janis (appellant) appeals his conviction for rape in his second trial before the Honorable Judge Heck. Appellant's first trial resulted in a mistrial because the jury could not agree on a verdict. Although on appeal, appellant raises several arguments, we decide this case on the single, narrow issue of the absence of findings of fact and conclusions of law at the close of a suppression hearing held by the Honorable Judge Jones who presided over appellant's first trial. On this ground, we reverse and remand.

Appellant is a slow-witted juvenile with a low normal IQ of 81. His teachers and a priest described him as easily intimidated, willing to please authority, unable to comprehend his *Miranda* rights and capable of signing a false confession. The psychiatrist, Dr. Merle Page, corroborated this testimony. In his opinion, the boy was suggestible and meek. Despite this opinion, however, he testified that if appellant had passed the driver's exam that appellant may have sufficient comprehension to understand his *Miranda* rights.

The victim is a 76-year-old widow with glaucoma. She recently had an eye operation and must now place drops in her eyes twice a day. Additionally, she has heart trouble and high blood pressure for which she takes medication. On August 9, 1980, sometime after 11:36 p. m., while in the process of oiling a small fan, she heard someone behind her. Turning about she saw someone approaching her. Almost immediately, the person struck the victim on both sides of her head. The assailant pushed her onto the bed and sexually assaulted her.

Appellant became a suspect within forty-eight hours of the rape. Sheriff Brandis (Brandis), who had known appellant most of his life, arrested appellant knowing appellant was a juvenile and slow-witted. Although Brandis lacked authorization to make an arrest on reservation property, he went to appellant's house and asked if appellant would come to Brandis' office and talk about the break-in at the victim's residence.

STATE of South Dakota, Plaintiff and Appellee,

v.

Dennis L. JANIS, Defendant and Appellant.

No. 13522.

Supreme Court of South Dakota.

Argued May 18, 1982.

Decided July 7, 1982.

Jon R. Erickson, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Michael Strain, White River, for defendant and appellant.

At the sheriff's office, Brandis read appellant his *Miranda* rights and the following conversation occurred, as recorded by Brandis:

Sheriff: Do you know [the victim]

Dennis: No.

Sheriff: Do you know were [sic] [the victim] live's

Dennis: No

Sheriff: I then told Dennis that I would like to help him if I could, but that if he lied to me I wouldn't be able to.

Sheriff: I then asked Dennis again if he knew [the victim]

Dennis: Yes

Sheriff: Were you at her house Sat nite

Dennis: Yes

Sheriff: Were you in her house.

Dennis: Yes

Sheriff: I then asked Dennis if he would write down what he remembered about that time around the [victim's] residence

After this conversation appellant allegedly wrote:

I was drunk that night and I don't rember [sic] but I went throw [sic] some ladys window and had sex with and left.

The interrogation process took five to ten minutes.

After appellant wrote this confession, appellant and Brandis went to find appellant's mother. With appellant's mother present, appellant wrote and signed another confession.

I was drunk that night and I don't rember [sic] to much, but I went through some ladys [sic] window and had sex with her and fled.

Appellant's mother witnessed this confession.

At the request of appellant's attorney, on August 19, 1980, appellant was transported to Yankton Human Services Center to determine his competency to stand trial. Dr. Page, a child psychiatrist, conducted the evaluation. He determined that appellant was competent to stand trial, but that, because of appellant's attitude towards authority, he would sign a confession to something he did not do. Moreover, Dr. Page did not feel that, given the setting and an implied threat and promise to help by Brandis, appellant voluntarily confessed.

Appellant became a suspect based, in part, on an "identification" by the victim. Sheriff Brandis displayed four photographs to the victim while she was hospitalized. Two of the photographs were of appellant, the other two of different Indian youths. The victim stated only that appellant's hair resembled that of her assailant. Sometime later, the victim, with the help of some relatives and friends, identified appellant's photograph in a high school annual.

Defense counsel moved to suppress appellant's statement to Brandis as an involuntary confession and the out-of-court and in-court identification of appellant by the victim because of the photograph line-up. Prior to the first trial, before Judge Jones, appellant received a suppression hearing. Before appellant's second trial, defense counsel again moved for suppression of this evidence. This motion was denied because Judge Jones had previously conducted a similar hearing. The record on appeal, however, contained only the transcript of Judge Jones' suppression hearing. At the close of this hearing, Judge Jones stated on the record that he was taking the matter under advisement and would await the filing of briefs by both counsel. Our record contains absolutely no order, findings of fact or conclusions of law from Judge Jones.

In *State v. Stumes*, 90 S.D. 382, 241 N.W.2d 587 (1976), this court required findings of fact and conclusions of law in a suppression hearing. There, a complete lack of findings of fact and conclusions of law so seriously hampered this court's review that the case was remanded to make findings of fact and conclusions of law. Since *Stumes*, the requirement of findings and conclusions has been somewhat relaxed in two cases.

In *State v. Lewis*, 90 S.D. 615, 244 N.W.2d 307 (1976), the "determination" of the trial court was set forth on the record

but not accompanied by separate findings of fact and conclusions of law. We reluctantly upheld this procedure as acceptable where the on-the-record findings were not clearly against the weight of the testimony. Similarly, in *State v. Hintz*, 318 N.W.2d 915 (S.D.1982), the trial judge denied a motion to suppress and stated his reason on the record. The appellant made no issue of the adequacy of the trial court's findings on the record. This court stated, however, that it would prefer more detailed findings of fact on the record. We held that because the record was so patently clear that the appellant had knowingly, intelligently and voluntarily waived his rights, and that the statements made were voluntary beyond a reasonable doubt, we declined to remand the case.

Although in the instant case the evidence appears in the record, no findings of fact and conclusions of law of any kind were made on the record. This situation requires us to reverse Judge Heck's order in the second trial, admitting appellant's confession and identification, and remand for further proceedings commencing with a suppression hearing and the filing of findings of fact and conclusions of law concerning these matters raised in appellant's motion. If suppression of any disputed evidence is granted, a new trial is required. If it is not suppressed the conviction is affirmed, subject to an appeal on those errors preserved by appellant in the whole record, including the suppression hearing.

WOLLMAN, C. J., and DUNN and FOSHEIM, JJ., concur.

HENDERSON, J., concurs specially.

HENDERSON, Justice (specially concurring).

Can one trial judge enter findings of fact and conclusions of law for another trial judge when he has not heard the testimony nor observed the witnesses? Obviously, he cannot. Credibility is at issue. Here, trial judge number two was in no position to enter findings of fact and conclusions of law for trial judge number one. Trial

judge number two was in a no-win situation as his predecessor had not entered and filed findings of fact and conclusions of law except for this salient fact: he could have granted the motion for a new suppression hearing and thereupon entered and filed findings of fact and conclusions of law based upon the evidence before him. Instead, he denied appellant the right to relitigate anew the motion to suppress thereby leaving the record devoid of any type of ruling on the motion to suppress. This being error, I join in reversal.

We must remember that the second trial had to be conducted de novo because a new trial was granted due to a hung jury in the first trial. The law of the case doctrine is not applicable where the trial court grants a new trial; and, furthermore, rulings of the court at the former trial are not binding on the court at the second trial. *See* 66 C.J.S. New Trial § 226 (1950) and SDCL 23A–29–2. Hence, I would reverse on the error of trial judge number two (rather than focus on trial judge number one's action) in refusing to grant a new suppression hearing on the evidence sought to be introduced at the new trial. There was simply no determination that the confession was given knowingly, intelligently and voluntarily. *State v. Lyons*, 269 N.W.2d 124 (S.D. 1978). Appellant's pretrial motion to suppress in-court and out-of-court identification of him by the victim was also summarily denied without hearing. No hearing at all is hardly due process.

As an academic premise, I believe that the holding in *State v. Thundershield*, 83 S.D. 414, 422, 160 N.W.2d 408, 412 (1968) has been somewhat eroded but surely not in its entirety. *Thundershield* was the seminal case in this jurisdiction on the issue of proof in an independent hearing, on a motion to suppress, outside the presence of a jury. Its holding was reiterated in *State v. Kiehn*, 86 S.D. 549, 199 N.W.2d 594 (1972). Then followed *State v. Stumes*, 90 S.D. 382, 241 N.W.2d 587 (1976) and *State v. Lewis*, 90 S.D. 615, 244 N.W.2d 307, 310 (1976). In *State v. Lufkins*, 309 N.W.2d 331 (S.D.1981) where there was no motion to suppress, we

held that *Stumes* was inapposite for *Stumes* involved a motion to suppress. Certainly, however, we determined in *Lufkins* that the facts therein fell within the purview of the holding in *Pinto v. Pierce,* 389 U.S. 31, 33, 88 S.Ct. 192, 193–194, 19 L.Ed.2d 31, 33 (1967). And we noted in *Lufkins* that the United States Supreme Court had recently declined to rule that a defendant has a per se due process right to an independent hearing on the issue of a statement's voluntariness. *Watkins v. Sowders,* 449 U.S. 341, 101 S.Ct. 654, 66 L.Ed.2d 549 (1981). Subsequent to *Lufkins,* we addressed a motion to suppress in *State v. Hintz,* 318 N.W.2d 915 (S.D.1982). These authorities are chronologically set forth to assist the reader in a historical development of the growth of law on this subject.

Lastly, I do not precipitately bind myself to any affirmance as it appears that the appellant has preserved other alleged errors which call upon this court to rule thereon whatever the outcome of the rulings below evolving from this opinion.