**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Douglas Ernest HAMMOND, also known and prosecuted as Robert Williams, Defendant and Appellant.**

**No. 14420.**

Supreme Court of South Dakota.

Considered on Briefs Sept. 13, 1984.

Decided Nov. 7, 1984.

Mark Smith, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Jeffrey D. Larson of Bleeker, Boldt & Koch, Woonsocket, for defendant and appellant.

ANDERSON, Circuit Judge.

Appellant was convicted of grand theft (SDCL 22–30A–1 and SDCL 22–30A–17) by a Beadle County jury on October 5, 1983. On October 27, 1983, he was sentenced to a term in the South Dakota State Penitentiary. On appeal from the judgment of conviction, appellant alleges two errors by the trial judge and further contends that he was denied the effective assistance of counsel.

The two allegations of trial court error involve the trial judge's refusal to suppress statements made by appellant both at the scene of his arrest and later during questioning. Generally, issues involving suppression of statements present novel circumstances and provide a convenient forum for considering constitutional questions. In this case, however, the issues presented by appellant have been previously decided by this and many other appellate courts. Further discussion of these matters would be fruitless. We hold that appellant's claims of error are without merit.

Appellant contends that his conviction should be reversed because he was not afforded effective assistance of counsel at trial. Much has been written by this court on that subject. A rule has evolved to the effect that the allegation of ineffective assistance of counsel will be considered by this court only upon an appeal from habeas corpus (formerly post-conviction) proceedings unless trial counsel's actions amount to plain error. *State v. Tchida,* 347 N.W.2d 338 (S.D.1984); *State v. Iron Shell,* 336 N.W.2d 372 (S.D.1983); *State v. Phipps,* 318 N.W.2d 128 (S.D.1982); *State v. Brammer,* 304 N.W.2d 111 (S.D.1981); *State v. McBride,* 296 N.W.2d 551 (S.D. 1980). From the record presented we find insufficient evidence of ineffective assistance of trial counsel to warrant considering the allegation on direct appeal.

The judgment of conviction is affirmed.

MORGAN and HENDERSON, JJ., concur.

WUEST, Circuit Judge, Acting as Supreme Court Justice, concurs specially.

WOLLMAN, J., concurs in part and dissents in part.

ANDERSON, Circuit Judge, sitting for FOSEHIM, C.J., disqualified.

WUEST, Acting Justice (concurring specially).

I concur in the majority opinion. However, I believe the issue of the trial court's refusal to suppress statements made by appellant merits further discussion. I also wish to briefly discuss appellant's contention that he was not afforded effective assistance of counsel.

At appellant's pretrial suppression hearing, he contended that certain statements made by him at the scene of his arrest and later during questioning by the authorities should have been suppressed because: (1) statements made by appellant to the authorities prior to his arrest were custodial and he was not given *Miranda* warnings thereto; and (2) he had not waived his *Miranda* rights before he was interrogated by the authorities.

In its findings of fact and conclusions of law, however, the trial court held that the State proved beyond a reasonable doubt that appellant understood his *Miranda* rights and knowingly, intelligently, and voluntarily waived the same and his right against self-incrimination. Further, the trial court held that the state proved beyond a reasonable doubt that all oral statements made by appellant to the officers involved were voluntary and not the result of coercion, threat or promise.

This court has stressed that the trial court's finding of voluntariness of a confession or admission will not be overturned unless it is clearly erroneous. *State v. Bult,* 351 N.W.2d 731 (S.D.1984); *State v. Hintz,* 318 N.W.2d 915 (S.D.1982); *State v. Lyons,* 269 N.W.2d 124 (S.D.1978). In *Bult,* we stated:

Unlike the idea of voluntariness, waiver of constitutional rights implies knowledge. *State v. Hartley,* 326 N.W.2d 226 (S.D.1982). Whether appellant waived his constitutional rights must be answered using the totality of the circumstances approach. That is, considering appellant's age, experience, education, background, and intelligence, did he understand the *Miranda* warnings and the nature of his constitutional rights and did he knowingly and intelligently forego his right to remain silent and to have the assistance of counsel? (citations omitted) In addition, this court must apply the "clearly erroneous standard" with respect to the waiver issue and must consider the trial court's denial of appellant's suppression motion in a favorable light. *State v. Lyons,* [269 N.W.2d 124 (S.D.1978)]; *State v. Kiehn,* [86 S.D. 549, 199 N.W.2d 594 (1972)].

351 N.W.2d at 735. Evidence from the trial record supports the trial court's refusal to suppress the statements made by appellant at the scene of his arrest and later during questioning by the officers involved. Upon discovery of appellant near the stolen vehicle, Officer James of the Willmar, Min-

nesota, Police Department asked appellant whether he knew anything about the car. It is clear from the record that this inquiry was made before the officer was apprised of the fact that the car was stolen. At that point, the inquiry did not focus on appellant as the suspect in the theft and was pre-custodial.

Evidence supporting the trial court's conclusion as to voluntariness and waiver are as follows: At the time of questioning, appellant was thirty-five years old. He had been in the military service, gone to high school and had also served time in the Georgia State Penitentiary for a prior felony conviction. Upon arrest, appellant was promptly given his *Miranda* warnings, as testified to by two of the Willmar police officers. Immediately after being so advised, he stated that he understood his *Miranda* rights. During interrogation, shortly after his arrest, appellant made statements about his knowledge of and participation in the auto theft. He did not request that questioning cease, nor did he request the consultation of an attorney. Appellant was given no promises in return for his statement, nor was he coerced, threatened or intimidated into making an admission. He was not subjected to any physical punishment nor abused in any way. Appellant was interrogated on several days following his arrest, and was again informed of his *Miranda* rights. During these interrogations, he also made oral statements implicating himself in the crime in question. Here, too, appellant made no requests that questioning cease; he did not refuse to answer any questions, nor did he ask to consult an attorney or have one present during the interrogations. In light of these facts, the trial court's refusal to suppress appellant's statements was not clearly erroneous.

Appellant contends that he was not afforded effective assistance of counsel. When reviewing claims of ineffective assistance of counsel in the past, this court has used the following standards: (1) an attorney is presumed competent; and (2) the party alleging incompetence has a heavy burden in establishing ineffective assistance of counsel. *Jones v. State*, 353 N.W.2d 781 (S.D.1984); *Jibben v. State*, 343 N.W.2d 788 (S.D.1984); *Grooms v. State*, 320 N.W.2d 149 (S.D.1982). In *Jones*, we stated:

> This court's function is not to second-guess the tactical decisions of the trial attorney, nor will we substitute our own theoretical judgment for that of defense counsel; but this court should not hesitate to reverse a conviction if the record reveals that a defendant was not afforded effective assistance of counsel.

353 N.W.2d at 784 (citation omitted).

For the first time, the United States Supreme Court dealt with a claim of ineffective assistance of counsel in *Strickland v. Washington*, — U.S. —, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We reiterated the standard set by the *Strickland* Court in *Jones, supra,* as follows:

> [A] defendant must show: 1) that counsel's performance was deficient; and 2) that the deficient performance prejudiced the defense. The test for prejudice is whether there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. In making these evaluations, the proper standard for attorney performance is that of "reasonably effective assistance." Counsel is strongly presumed to have rendered adequate assistance, and a court must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.

353 N.W.2d at 784.

As stated in the majority's opinion, generally, this court will not review an appeal on the basis of ineffective assistance of counsel unless trial counsel's actions amount to plain error. Under either the standard set by the United States Supreme Court in *Strickland, supra,* or the standard enunciated by this court in previous cases, regarding ineffective assistance of counsel, the facts do not indicate such error.

Appellant contends that his counsel described him as a "tramp" at trial. The record, however, indicates that counsel actually described his client as a "transient." This description was of no great surprise to the jury, given appellant's own testimony as to his history of wandering from job to job.

Appellant further contends that trial counsel's decision to waive all cross-examination of the state's witnesses, and to elicit testimony from appellant regarding a previous conviction, were indicative of ineffective assistance. I view these matters as tactical decisions and, as stated *supra*, it is not this court's function to "second-guess" such maneuvers unless they constitute plain error.

Too often ungrateful defendants turn upon their lawyers hoping to capitalize upon some perceived error. Undoubtedly, this caused the *Strickland* Court to narrow the thrust of those attacks by requiring deficiency and deficient performance prejudicing the defense. Hopefully, that ruling will deter the number of spurious attacks upon counsel.

Since I cannot say that counsel's actions evince a showing of plain error, I concur in the majority opinion.

WOLLMAN, Justice (concurring in part, dissenting in part).

I join in Justice Wuest's special concurrence. I would go further, however, and would hold that even if appellant's counsel used the word "tramp" to describe appellant during counsel's argument to the jury,

the decision to use that term should not be faulted in view of the evidence, including appellant's own testimony, regarding appellant's sudden departure from Huron and his ultimate apprehension in Willmar, Minnesota. Counsel had the unenviable task of trying to persuade what was obviously a less than credulous jury that appellant's account of his early morning departure from Huron in the stolen automobile, which he claimed was being driven by a Minneapolis painting contractor, who, unfortunately for appellant, either never existed or was unavailable at trial, was plausible in the light of appellant's history of unilateral name changes and nomadic life style. Counsel could hardly have described appellant as a long-time resident of Huron, and his choice of either "tramp" or "transient" was not an unfair, unwarranted characterization in view of his trial strategy.*

I agree with Justice Wuest that the other claimed deficiencies in counsel's performance were tactical decisions that certainly do not constitute plain error. Again, however, I would go further and would hold that on the face of the record before us, appellant's claims of ineffective assistance are so lacking in merit as to not warrant further review.

---

* The portion of the transcript in question reads as follows: (By appellant's counsel) "I mean, let's classify him as a tramp. That may be a little strong but—he is looking for work. He wants a job. And if someone says, 'I have got a job in Minneapolis to do some painting.' It is not so inconceivable that he wouldn't go along with it." In the margin of the transcript there appears a notation by the court reporter, "Correction. Word should be transient. eaj."