**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Steven Allen HEADRICK, Defendant and Appellant.**

**No. 14463.**

Supreme Court of South Dakota.

Considered on Briefs Sept. 14, 1984.

Decided Oct. 24, 1984.

Richard H. Wendt, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Joseph Neiles of Zimmer, Richter & Duncan, Parker, for defendant and appellant.

WUEST, Circuit Judge, acting as a Supreme Court Justice.

This is an appeal from a judgment of conviction for burglary in the third degree, pursuant to SDCL 22–32–8. We affirm.

Appellant, Steven Allen Headrick (Headrick), was charged with the crime of burglary in the third degree, SDCL 22–32–8, and petty theft in the second degree, SDCL 22–30A–1 and –17. He pled not guilty and a jury trial was held, with the jury returning verdicts of guilty on both counts. He was charged as an habitual offender, pursuant to SDCL 22–7–7 and admitted the allegation. He received a sentence of ten years on the third-degree burglary charge.

Sometime during the weekend of July 8, 9, and 10, 1983, the East River Legal Services Office (E.R.L.S.) in Sioux Falls, South Dakota, was burglarized. Approximately $75.00 in cash was taken from the premises. The office is located in the same building as the Albert House Hotel. Gene Stamp (Stamp), a night clerk at the Albert House, testified on behalf of the State that Headrick checked into the hotel around 8:30 p.m. on July 10, 1983. Stamp testified that he had seen Headrick one other time, Labor Day weekend of 1982, in the basement of the hotel, which adjoins the E.R.L.S. library. Stamp had gone to the basement, which was used for storage, and was startled to find Headrick, who said he had been sleeping there. Bedding was on the floor, supporting Headrick's explanation of his presence. Headrick was not a registered guest at the hotel at that time.

An officer from the Sioux Falls Police Department went to E.R.L.S. on the morning of July 11, 1983. The officer took a report of the burglary-theft and received a cash box and "Band-Aid" box which had contained some of the stolen money. Ray Cuccaro, an identification officer with the police department, received these items as exhibits, lifting a latent fingerprint off the metal cash box. Maria Schuetts-Hendrickson, an analyst from the South Dakota

State Division of Criminal Investigation Laboratory, testified that Headrick's fingerprint had appeared on the cash box.

Dennis Beck (Beck), a detective with the local police department, went to E.R.L.S. on July 11 and examined all entrances, including the basement door. Beck noticed that the frame around the basement door was partially pulled out, with scuff marks on the wood and scratch marks on the latch. Beck noticed no other damage or signs of forced entry on any of the other doors.

Beck talked with Headrick twice during his investigation. Beck talked with Headrick on July 12, 1983, at the Main Avenue Manor (Manor). Beck encountered Headrick in the main lobby of the Manor and they went to Headrick's room, where Headrick was advised of his *Miranda* rights. Beck interviewed Headrick concerning a burglary at the Good Will Industries Building in Sioux Falls, and other general matters. The E.R.L.S. burglary was not mentioned at that time and no admissions were made by Headrick.

On July 21, 1983, Beck went to the Manor and arrested Headrick, escorted him to the Public Safety Building where Beck advised him of his *Miranda* rights upon arriving at the interview room. Beck testified at trial that Headrick agreed to talk about the E.R.L.S. burglary, admitting that he had gone through a wooden door of the premises and had taken money from a filing cabinet.

Headrick contends that his admission, relating to the E.R.L.S. burglary, was coerced and that because such confession was not obtained after a voluntary and intelligent waiver of his constitutional right against self-incrimination the trial court should not have allowed it into evidence. Upon a motion to suppress the confession at trial, however, the court found that Headrick's statement concerning the E.R.L.S. burglary "was voluntary beyond a reasonable doubt and that he waived his right beyond a reasonable doubt." We agree.

This court has adopted the position that it must consider the evidence in the light most favorable to support the trial court's decision. *State v. Cowell*, 288 N.W.2d 322 (S.D.1980); *State v. Kiehn*, 86 S.D. 549, 199 N.W.2d 594 (1972); *State v. Thundershield*, 83 S.D. 414, 160 N.W.2d 408 (1968). The trial judge has the responsibility for making the decision as to whether or not the State has met its burden of proof and the test is in view of the totality of the circumstances. *Cowell, supra; State v. Lyons*, 269 N.W.2d 124 (S.D.1978); *State v. Stumes*, 90 S.D. 382, 241 N.W.2d 587 (1976); *State v. Adkins*, 88 S.D. 571, 225 N.W.2d 598 (1975). If the trial court finds that the confession was voluntary beyond a reasonable doubt, such a finding is binding upon the reviewing court unless it is clearly erroneous. *Cowell, supra; State v. Dubois*, 286 N.W.2d 801 (S.D. 1979); *Mobridge Community Industries v. Toure*, 273 N.W.2d 128 (S.D.1978); *State v. Lewis*, 90 S.D. 615, 244 N.W.2d 307 (1976).

Headrick contends that the trial court's ruling concerning the voluntariness of his confession was clearly erroneous. Headrick supports this proposition by alleging that he is of low intelligence, was drunk when the admission was made, and was coerced into making the statement by virtue of the fact that the interrogating officers offered him a "deal" if he confessed and would charge him with other crimes if he did not confess.

We find the evidence in this case to the contrary. It is uncontradicted that Headrick had a low intelligence quotient. The facts, however, indicate that he was not of such low intelligence that he could not understand his right against self-incrimination. Headrick was given *Miranda* warnings on each occasion that he spoke with Beck. Indeed, after his arrest, he agreed to talk about the E.R.L.S. burglary after he had thought about the matter. There was no testimony that Headrick was drunk, other than his own statement that he had six beers. Headrick's testimony indicated that he was a regular drinker and that he had a tolerance for this quantity of alcohol. Furthermore, the alleged coercive element of

Headrick's statement to the interrogating officers related to a "clear out," that is, the officers' attempt to clear up as much of the downtown district's nonviolent criminal activity as they could. Upon being informed of the evidence against him in the E.R.L.S. burglary, Headrick made statements as to his involvement in other burglaries in the downtown Sioux Falls area. It is clear from the evidence that these admissions were made after Headrick's statement concerning the E.R.L.S. break-in.

█ We cannot say, in view of the totality of the circumstances, that the trial court was clearly erroneous in its determination that Headrick's confession, regarding the E.R.L.S. burglary, was voluntarily and knowingly made.

Accordingly, the trial court's judgment is affirmed.

All the Justices concur.